**GENERAL DEVICES, INC., Appellant,**

v.

**Roger L. BACON & Allan P. Shannon, Appellees.**

No. 05–90–01298–CV.

Court of Appeals of Texas, Dallas.

Dec. 10, 1991.

Rehearing Denied Feb. 3, 1992.

Ordered Published by the Texas Supreme Court June 3, 1992.

Robert Gilbreath, D. Bradley Dickinson, Donald H. Flanary, Dallas, for appellant.

Bill Atkins, Arlington, for appellees.

Before ROWE[1], KINKEADE, and MALONEY, JJ.

1. The Honorable Gordon Rowe, Justice, participated in this case before his resignation effective December 2, 1991.

## OPINION

MALONEY, Justice.

Robert L. Bacon and Allan P. Shannon appeal from a summary judgment rendered for General Devices, Inc. (GDI). They contend the trial court erred in granting GDI's motion for summary judgment and denying their motion for summary judgment. GDI appeals from an instructed verdict rendered for Bacon and Shannon. It contends the evidence of damages was sufficient to submit the issue to the jury.

We reverse the trial court's judgments and remand this cause for further proceedings in accordance with this opinion.

## FACTUAL BACKGROUND

GDI is a "job shop" that furnishes highly skilled temporary personnel to high tech companies. GDI and its employees, including Bacon and Shannon, execute employment agreements. All employment agreements contain covenants not to compete.

GDI placed engineers with LTV Aerospace & Defense and Vought Corporation. In 1987, Bacon and Shannon and twelve other LTV job shoppers left GDI's employment. GDI had placed Bacon and the twelve others at LTV.

GDI sued Bacon and Shannon for interference with its contractual relations with the twelve job shoppers and interference with its business relationships. Bacon and Shannon answered and sought a declaratory judgment that the covenant not to compete was an unreasonable restraint of trade. Bacon and Shannon also counterclaimed alleging malicious prosecution and intentional infliction of emotional distress.

Both parties moved for summary judgment. The trial court granted summary judgment for GDI and denied Bacon and Shannon's summary judgment. The court ruled that the non-competition clause was reasonable and enforceable as a matter of law, and Bacon and Shannon had no counterclaims.

After the trial court granted its summary judgment, GDI amended its petition to allege breach of contract against Bacon and Shannon. The case proceeded to trial on interference with GDI's contractual relations with the twelve job shoppers, interference with business relationships, and the breach of covenant not to compete.

GDI's secretary and treasurer testified to the amount of monies collected from LTV and paid to its employees placed at LTV between 1986 and the date in 1987 when Bacon, Shannon, and the other job shoppers left. GDI's chief executive officer testified that LTV had been its client for many years. Both officers testified that this relationship would have continued had Bacon and Shannon not induced the others to quit.

At the close of GDI's case in chief, the trial court directed a verdict for Bacon and Shannon on insufficient evidence of damages.

### SUMMARY JUDGMENT

Bacon and Shannon maintain in their sole point of error that the trial court erred in granting GDI's motion for summary judgment and in not granting their motion for summary judgment.

### 1. Standard of Review

■ Summary judgment is proper if the record shows there is no genuine issue to any material fact and that the movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c). The movant bears the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue exists, we accept the evidence favorable to the non-movant as true. We indulge in every reasonable inference and resolve any doubts in non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Summary judgment is proper when the controversy involves an unambiguous document. *See Moody v. Moody Nat'l Bank*, 522 S.W.2d 710, 715 (Tex.Civ.App.—

Houston [14th Dist.] 1975, writ ref'd n.r.e.). Summary judgment is improper when an instrument is ambiguous. Any interpretation of the instrument is an issue of fact. *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983).

### 2. Rules of Construction

■ If a written instrument can be given a definite legal meaning or interpretation, it is not ambiguous. The court construes unambiguous contracts as a matter of law. *Coker*, 650 S.W.2d at 393. We enforce an unambiguous contract as written. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157 (Tex.1951).

■ An instrument is ambiguous if it is reasonably susceptible to more than one meaning. *R & P Enterprises v. LaGuarta, Gavrel & Kirk*, 596 S.W.2d 517, 519 (Tex.1980). If a covenant not to compete is susceptible to two meanings, the construction that validates it prevails. *Harris v. Rowe*, 593 S.W.2d 303 (Tex.1979).

■ If uncertain about which meaning is proper, extraneous evidence is admissible to determine the meaning. *R & P Enterprises*, 596 S.W.2d at 519. Parole evidence is not admissible to create ambiguity or to give the contract a different meaning. *Daniel*, 243 S.W.2d at 157.

### 3. Covenants Not to Compete
#### a. Common Law

■ An agreement not to compete is reasonable if: 1) it is ancillary to a valid transaction or relationship; 2) it is necessary to protect the promisee's legitimate interest; and 3) neither hardship to the promisor or public injury outweighs the legitimate benefits of the covenant to the promisee. *DeSantis v. Wackenhut*, 793 S.W.2d 670, 681–682 (Tex.), *cert. denied*, —— U.S. ——, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). An agreement not to compete must have limitations to time, territory, and type of activity sufficient to protect promisee's interest. A covenant which is unlimited to time is reasonable if coupled with a geographical limitation. *Krueger, Hutchinson and Overton Clinic*

*v. Lewis,* 266 S.W.2d 885 (Tex.Civ.App.— Amarillo), *aff'd,* 153 Tex. 363, 269 S.W.2d 798 (1954).

Courts do not redraft a contract to make it reasonable or enforceable. *Frankiewicz v. National Comp. Assoc.,* 633 S.W.2d 505, 507 (Tex.1982). A breach of an unreasonable restraint of trade covenant will not support damages. *See Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950 (1960). "[A] restrictive covenant must stand or fall as written for an award of money damages." *Frankiewicz,* 633 S.W.2d at 507. An invalid covenant not to compete may be severed from other lawful portions of the contract. *Murrco Agency, Inc. v. Ryan,* 800 S.W.2d 600, 605 n. 9 (Tex.App.—Dallas 1990, no writ).

If not limited to time, territory, or type of activity, a court of equity may *modify and enforce* an agreement. *Campbell,* 340 S.W.2d at 951. A court of equity may reform an unlimited time to a reasonable time. *Id.*

Unless an agreement not to compete is reasonable, it is a restraint of trade. *DeSantis,* 793 S.W.2d at 681. However, not every contract in restraint of trade is prohibited. *Id.* at 687. An agreement may be unreasonable as between the parties yet not be a restraint of trade. *Id.*

### b. Statutes

The Texas Business and Commerce Code requires:

[A] covenant not to compete is enforceable to the extent that it:

(1) is ancillary to an otherwise enforceable agreement ...; and

(2) contains reasonable limitations as to *time, geographical area, and scope of activity* to be restrained that do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

TEX.BUS. & COM.CODE ANN. § 15.50 (Vernon Supp.1990) (emphasis added). If the covenant:

does not meet the criteria set out in Subdivision (2) of Section 15.50 the court,

*at the request of the promisee,* shall reform the covenant to the extent necessary ... and enforce the covenant as reformed, except that the court *may not award the promisee damages* for a breach of the covenant before its reformation and the relief granted shall be limited to injunctive relief.

TEX.BUS. & COM.CODE ANN. § 15.51(c) (Vernon Supp.1990) (emphasis added). Failure to request reformation waives any right to have the court reform the covenant. *Daytona Group of Texas v. Smith,* 800 S.W.2d 285, 290 (Tex.App.—Corpus Christi 1991, writ denied).

### c. Tortious Interference

An unenforceable covenant not to compete cannot serve as the basis of an action for tortious interference with contractual relations. *See Juliette Fowler Homes v. Welch Associates,* 793 S.W.2d 660, 664 (Tex.1990). However, "mere unenforceability of a contract is not a defense to an action for tortious interference with its performance." *Id.* at 664–65. That a contract is terminable at will is not a defense to an action for tortious interference. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 689 (Tex.1989). Until a contract is terminated, it is valid and subsisting and third persons are not free to tortiously interfere with it. *Id.*

### 4. Application of Law to Facts

### a. GDI's Motion for Summary Judgment

Bacon and Shannon contend the trial court erred in granting GDI's motion for summary judgment. The court's summary judgment held that the covenant not to compete was reasonable and enforceable as a matter of law.

Bacon and Shannon's employment agreements are identical. The agreement identifies GDI as "COMPANY," Bacon or Shannon as "EMPLOYEE," and Vought Corporation (in Shannon's agreement) and LTV Aerospace & Defense (in Bacon's agreement) as "Client." Paragraph 8(a)

contains the covenant not to compete. It reads as follows:

> Without written approval from COMPANY, EMPLOYEE shall not accept direct or other (sic) subcontract employment either at this or other facilities of CLIENT, or from any firm with which COMPANY has an existing contract, during and for a period of thirty (30) days *beyond the period of association between COMPANY and CLIENT or any firm of aforesaid.* (emphasis added).

Neither party argues the covenant is ambiguous but they disagree on its meaning. GDI asserts that the covenant only limits Bacon and Shannon for thirty days after their relationship with GDI ends. Bacon and Shannon argue that the covenant limits their employment until thirty days after GDI's relationship with its clients ends.

We find no ambiguity in the covenant. The trial court ruled "Paragraph 8(a) in General Device's Employment Contract *is reasonable as a matter of law and enforceable.*" We disagree. Only one interpretation is possible. The phrase "beyond the period of association between COMPANY and CLIENT" refers to the business relationship between GDI and its clients— not GDI and its job shoppers.

Both common law and the statute require that a covenant not to compete must be necessary to protect some legitimate interest of GDI. This covenant limits Bacon and Shannon's accepting employment from GDI's clients for thirty days after GDI and its *client's* association ends. The relationship between GDI and its clients could exist indefinitely. It does not define any area where the job shoppers could accept employment. Because it has *no* limitations to time or territory, the covenant is not reasonable. *See Krueger v. Lewis,* 266 S.W.2d at 896.

The record does not reflect that the court modified the agreement. Moreover, GDI never requested reformation. Reformation limits GDI to equitable remedies. Furthermore, it was not until after the court ruled the covenant was enforceable that GDI pled for breach of covenant damages.

The trial court erred in granting summary judgment for GDI.

### b. Bacon and Shannon's Motion for Summary Judgment

#### 1) Violations of Antitrust Laws

Bacon and Shannon argue that if the covenant is unreasonable, it violates antitrust laws. We disagree. An unreasonable agreement between the parties does not necessarily violate the antitrust laws. *See DeSantis,* 793 S.W.2d at 688. Antitrust law violations require a chilling effect on the relevant market.

Bacon and Shannon offered no summary judgment evidence of the relevant market or any effect on that market. The trial court did not err in denying Bacon and Shannon's motion for summary judgment on their antitrust claims.

#### 2) Tortious Interference

Next, Bacon and Shannon argue that an unenforceable covenant is a defense to tortious interference claims. GDI's tortious interference claim arises from Bacon and Shannon's interference with the *employment contracts* between GDI and the twelve employees. GDI's claim is not for interference with the covenant not to compete. Therefore, the covenant's invalidity is not a defense. The invalid covenant may be severed from the remainder of the employment contracts. The contracts between GDI and its twelve employees may serve the basis for a tortious interference claim.

The trial court did not err in denying Bacon and Shannon's motion for summary judgment.

### INSTRUCTED VERDICT

GDI complains the trial court erred in granting Bacon and Shannon's motion for instructed verdict. The trial court granted the instructed verdict because the "Plaintiff has failed to present sufficient evidence of damages to submit to the jury." GDI maintains its damage evidence was sufficient to submit the case to the jury.

### 1. Standard of Review

When we review the trial court's grant of an instructed verdict on an evidentiary basis, we determine whether there is any probative evidence to raise a material question of fact. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). We review the evidence in the light most favorable to the non-moving party and disregard all contrary evidence and inferences. We give the losing party the benefit of all reasonable inferences that arise from that evidence. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983). If there is any conflicting evidence of probative value, the issue is for the jury and we must reverse and remand the issue for the jury's determination. *Id.*

### 2. Lost Profits

To recover for a loss of profits, the loss need not be calculated exactly. *Southwest Battery Corporation v. Owen*, 131 Tex. 423, 115 S.W.2d 1097, 1098 (1938). It is enough if the amount of loss is shown by competent evidence with reasonable certainty. *Id.* An established business may show lost profits by its previous profits. *Id.; White*, 651 S.W.2d at 262. The evidence is sufficient if the extent of the damages is shown as a just and reasonable inference. *Downtown Realty v. 509 Tremont Bldg.*, 748 S.W.2d 309, 313 (Tex. App.—Houston [14th Dist.] 1988, no writ). Uncertainty to the amount of damages will not defeat recovery. *Southwest Battery*, 115 S.W.2d at 1099.

### 3. Application of Law to Facts

GDI presented evidence of the monies GDI received from LTV for its job shoppers and the monies it paid to its job shoppers during the year before Bacon and Shannon's actions. Both GDI executives testified that if Bacon and Shannon had not encouraged the others to leave, its relationship with LTV and the job shoppers would have continued. Viewing this evidence in the light most favorable to GDI and considering all reasonable inferences from that evidence, there was sufficient evidence for the jury to determine that Bacon and Shan-non's action damaged GDI. The evidence presented a fact question for the jury. The instructed verdict was improper.

The trial court erred in granting an instructed verdict against GDI.

### CONCLUSION

We reverse the trial court's summary judgment for GDI which held the covenant not to compete reasonable and enforceable as a matter of law and dismissed Bacon and Shannon's counterclaims. We also reverse the instructed verdict granted against GDI. We affirm the denial of Bacon and Shannon's motion for summary judgment.

We remand this cause for further proceedings consistent with this opinion.