**GENERAL DEVICES, INC., Appellant,**

v.

**Roger L. BACON & Allan P. Shannon, Appellees.**

No. 05–90–01298–CV.

Court of Appeals of Texas, Dallas.

Sept. 15, 1994.

499

Robert B. Gilbreath and D. Bradley Dick-
inson, Dallas, for appellant.

Bill Atkins, Arlington, for appellees.

Before ROWE,[1] KINKEADE and MALONEY, JJ.

## OPINION ON REMAND

MALONEY, Justice.

The Texas Supreme Court vacated our earlier opinion and judgment and remanded this case[2] for our review in light of its opinion in *Travel Masters, Inc. v. Star Tours, Inc.*, 827 S.W.2d 830 (Tex.1991). We have again reviewed the record and the supreme court's opinion in *Travel Masters.*[3] We affirm in part. We reverse and remand in part. We reverse and render in part.

## FACTUAL BACKGROUND

General Devices, Inc. (GDI) is a "job shop" that furnishes highly skilled temporary personnel to high-tech companies. GDI employed Roger L. Bacon and Allan P. Shannon. GDI and its employees execute employment agreements. All employment agreements contain covenants not to compete.

GDI placed Bacon, Shannon and twelve other engineers with LTV Aerospace & Defense and Vought Corporation. In 1987, Bacon, Shannon, and the other twelve LTV job shoppers left GDI's employment. Some evidence in the record indicates that Bacon and Shannon induced or encouraged the twelve other employees to leave GDI.

## PROCEDURAL BACKGROUND

GDI sued Bacon and Shannon alleging that they: (1) breached the covenants not to compete in their employment contracts; (2) tortiously interfered with GDI's contractual relationships with twelve of its employees; and (3) tortiously interfered with GDI's contractual relationship with LTV. Bacon and Shannon answered and sought a declaratory judgment that the covenants not to compete in their and all other employees' contracts were unenforceable. Bacon and Shannon also counterclaimed, alleging a cause of action under the Texas Free Enterprise and Antitrust Act of 1983. *See* TEX.BUS. & COM. CODE ANN. §§ 15.01–.52 (Vernon 1987 & Supp.1994).

GDI moved for summary judgment alleging that (1) the covenants not to compete were enforceable and (2) Bacon and Shannon had no viable claims under the Texas Free Enterprise and Antitrust Act. Bacon and Shannon responded to GDI's motion for summary judgment and moved for partial summary judgment alleging that (1) the covenants not to compete were unenforceable and (2) GDI had violated the Texas Free Enterprise and Antitrust Act of 1983. The trial court granted GDI's motion for summary judgment and denied Bacon and Shannon's motion for partial summary judgment. The trial court found that the covenants not to compete were valid and enforceable, and Bacon and Shannon had no viable counterclaims.

The case went to trial on GDI's remaining claims. At the close of GDI's case-in-chief, the trial court directed a verdict for Bacon and Shannon holding that GDI presented insufficient evidence on damages.

GDI appealed, asserting that the trial court erred in directing a verdict against it. Bacon and Shannon cross-appealed, asserting that the trial court erred in denying their motion and granting GDI's motion for summary judgment. They argue the covenants not to compete were unenforceable and consequently GDI's claims of tortious interference were without merit.

## TORTIOUS INTERFERENCE UNDER *TRAVEL MASTERS*

GDI claimed Bacon and Shannon interfered with the *employment contracts between GDI and the twelve employees.* GDI also

---

1. The Honorable Gordon Rowe, Justice, participated in this case on original submission. He did not participate in this case on remand.

2. *General Devices v. Bacon*, 836 S.W.2d 179 (Tex. App.—Dallas 1991), *opinion and judgment vacated and remanded per curiam, Bacon v. General Devices, Inc.*, 830 S.W.2d 106 (Tex.1992).

3. We considered the potential impact of *Travel Masters* on this case when it was before us on motion for rehearing. We concluded that *Travel Masters* did not affect our original opinion's validity.

claimed that Bacon interfered with the *contractual relationship between GDI and LTV* by coercing LTV into allowing GDI's fourteen employees to change job shops while still working for LTV. It did not allege below or argue on appeal that Bacon and Shannon interfered with the covenant not to compete.

In contrast, Star Tours attempted to enforce the covenant not to compete against a former employee and her travel agency, Travel Masters. *See Travel Masters*, 827 S.W.2d at 832. The jury found that Star Tours's former employee's father and Travel Masters willfully and intentionally induced Star Tour's former employee to breach the covenant not to compete. *Id.* The *Travel Masters* court held that the covenant not to compete was unenforceable because it was not ancillary to an otherwise enforceable agreement. *Id.* at 833.

■ An unenforceable covenant not to compete cannot "form the basis of an action for tortious interference." *See id.* However, "mere unenforceability of a contract is not a defense to an action for tortious interference with [a contract's] performance." *Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 664–65 (Tex.1990).

■ That a contract is terminable at will is not a defense to an action for tortious interference. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 689 (Tex.1989). Until a contract is terminated, it is valid and subsisting, and third persons are not free to tortiously interfere with the contract. *Id.*

■ Bacon and Shannon argued that an unenforceable covenant not to compete is a defense to tortious interference claims. Because GDI never asserted that Bacon and Shannon tortiously interfered with the covenant not to compete, the covenant's invalidity is not a defense.

The trial court did not err in denying Bacon and Shannon's motion for summary judgment on GDI's tortious interference claims.

## INSTRUCTED VERDICT

GDI complains the trial court erred in granting Bacon and Shannon's motion for instructed verdict. The trial court granted the instructed verdict because GDI "failed to present sufficient evidence of damages to submit to the jury." GDI maintains its damage evidence was sufficient to submit the case to the jury.

### 1. Standard of Review

■ When we review the trial court's grant of an instructed verdict on an evidentiary basis, we determine whether there is any probative evidence to raise a material question of fact. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). We review the evidence in the light most favorable to the nonmoving party and disregard all contrary evidence and inferences. *Id.* We give the losing party the benefit of all reasonable inferences that arise from contrary evidence. *See White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983). If there is any conflicting evidence of probative value, we must reverse and remand the issue for the jury's determination. *Id.*

### 2. Lost Profits

■ "Recovery for lost profits does not require that the loss be susceptible of exact calculation." *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (1994); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex.1992). However, the amount of the loss must be shown by competent evidence and with reasonable certainty. *Heine*, 835 S.W.2d at 84; *D/FW Commercial Roofing Co. v. Mehra*, 854 S.W.2d 182, 187 (Tex. App.—Dallas 1993, no writ). "What constitutes reasonably certain evidence of lost profits is a fact intensive determination. At a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." *Heine*, 835 S.W.2d at 84.

■ Evidence of lost income, standing alone, is no evidence of lost profits. *Id.* The record must show how the lost profits were calculated. *Id.; see Frank B. Hall & Co. v. Beach, Inc.*, 733 S.W.2d 251, 259 (Tex.App.—

Corpus Christi 1987, writ ref'd n.r.e.); *Village Square, Ltd. v. Barton*, 660 S.W.2d 556, 559–60 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). "Recovery of lost profits must be predicated on one complete calculation." *Szczepanik*, 883 S.W.2d at 649; *Heine*, 835 S.W.2d at 85. "[P]ieces of several different methods of calculating lost profits" are insufficient. *Id.* at 85–86. To withstand a "no evidence-directed verdict" challenge:

> A party must show either a history of profitability or the actual existence of future contracts from which lost profits can be calculated with reasonable certainty. Texas cases permit recovery for lost profits in reliance upon routinely kept business records so long as the evaluation of the business's decreased profitability is based upon objective facts, figures, and data.

*Mehra*, 854 S.W.2d at 187.

### 3. Application of Law to Facts

GDI presented evidence of the monies: (1) GDI received from LTV for its job shoppers and (2) GDI paid to its job shoppers during the year before Bacon and Shannon's actions. Both GDI executives testified that, if Bacon and Shannon had not encouraged the other employees to leave, GDI's relationship with LTV and the job shoppers would have continued. Viewing this evidence in the light most favorable to GDI and considering all reasonable inferences from that evidence, there was sufficient evidence for the jury to determine that Bacon's and Shannon's actions damaged GDI. The evidence presented a fact question for the jury. The trial court erred in granting an instructed verdict against GDI.

We sustain GDI's first point of error.

### BACON AND SHANNON'S MOTION FOR SUMMARY JUDGMENT

In their sole cross-point of error, Bacon and Shannon maintain that the trial court erred in not granting their motion and in granting GDI's motion for summary judgment.

### 1. Standard of Review

Summary judgment is proper if the record shows there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c). The movant bears the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue exists, we accept the evidence favorable to the non-movant as true. We indulge in every reasonable inference and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Summary judgment is proper when the controversy involves an unambiguous document. *See Moody v. Moody Nat'l Bank*, 522 S.W.2d 710, 715 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

### 2. Rules of Construction

If we can give a definite legal meaning or interpretation to a written instrument, it is not ambiguous. We construe unambiguous contracts as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). We enforce unambiguous contracts as written. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 517, 243 S.W.2d 154, 157 (1951).

An instrument is ambiguous if it is reasonably susceptible to more than one meaning. *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex. 1980). If a covenant not to compete is susceptible to two meanings, the construction that validates it prevails. *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex.1979).

### 3. Covenants Not to Compete

#### a. Common Law

An agreement not to compete is reasonable if: (1) it is ancillary to a valid transaction or relationship; (2) it is necessary to protect the promisee's legitimate interest; and (3) neither hardship to the promisor nor public injury outweighs the covenant's legitimate benefits to the promisee. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 681–82 (Tex.1990), *cert. denied*, 498 U.S.

1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). A covenant not to compete must be appropriately limited as to "time, territory, and type of activity." *DeSantis*, 793 S.W.2d at 682. A restrictive covenant must stand or fall as written for an award of money damages. *Frankiewicz v. National Comp. Assocs.*, 633 S.W.2d 505, 507 (Tex.1982).

■■■ At common law, courts did not redraft a contract to make it reasonable or enforceable. *Id.* But, we may sever an invalid covenant not to compete from lawful portions of the contract. *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 606 n. 9 (Tex. App.—Dallas 1990, no writ).

■■■ Unless an agreement not to compete is reasonable, it is a restraint of trade. *Martin v. Credit Protection Ass'n, Inc.*, 793 S.W.2d 667, 668–69 (Tex.1990). Whether a covenant not to compete is a reasonable restraint of trade is a question of law for the court. *Id.* at 668; *DeSantis*, 793 S.W.2d at 681. Not every contract in restraint of trade is prohibited. *DeSantis*, 793 S.W.2d at 687. An agreement may be unreasonable as between the parties yet not be a restraint of trade. *Id.* at 688. A breach of an unreasonable restraint-of-trade covenant will not support damages. *See Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 314, 340 S.W.2d 950, 953 (1960).

#### b. Statutes

At the time of trial, the Texas Business and Commerce Code provided:[4]

[A] covenant not to compete is enforceable to the extent that it:

(1) is ancillary to an otherwise enforceable agreement ...; and

(2) contains reasonable limitations as to *time, geographical area, and scope of activity* to be restrained that do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

Act of June 16, 1989, 71st Leg., R.S., ch. 1193, § 1, 1989 Tex.Gen.Laws 4852–53, *amended by* Act of June 19, 1993, 73d Leg., R.S., ch. 966, § 1, 1993 Tex.Gen.Laws 4201–02 (emphasis added). If the covenant:

does not meet the criteria set out in Subdivision (2) of Section 15.50 the court, *at the request of the promisee*, shall reform the covenant to the extent necessary ... and enforce the covenant as reformed, except that the court *may not award the promisee damages* for a breach of the covenant before its reformation and the relief granted shall be limited to injunctive relief.

Act of June 16, 1989, 71st Leg., R.S., ch. 1193, § 1, 1989 Tex.Gen.Laws 4852 (amended 1993) (emphasis added).

#### 4. Application of Law to Facts

##### a. Covenant Not To Compete

■■■ Bacon's and Shannon's employment agreements are identical. The agreements identify GDI as "COMPANY," Bacon or Shannon as "EMPLOYEE," and Vought Corporation (in Shannon's agreement) and LTV Aerospace & Defense (in Bacon's agreement) as "Client." Paragraph 8(a) contains the covenant not to compete. It reads as follows:

Without written approval from COMPANY, EMPLOYEE shall not accept direct or other [sic] subcontract employment either at this or other facilities of CLIENT, or from any firm with which COMPANY has an existing contract, during and for a period of thirty (30) days *beyond the period of association between COMPANY and CLIENT or any firm of aforesaid.*

(Emphasis added.) Neither party argues the covenant is ambiguous, but they disagree on its meaning. GDI asserts that the covenant only limits Bacon and Shannon for thirty days after their relationship with GDI ends. Bacon and Shannon argue that the covenant limits their employment until thirty days after GDI's relationship with its clients ends.

---

4. Since the trial court decided this case, the legislature has amended the Texas Business and Commerce Code regarding reformation of covenants not to compete. *See* Tex.Bus. & Com.Code Ann. §§ 15.50–.51 (Vernon Supp.1994). However, as the trial court finally adjudicated the enforceability of the covenants before the effective date of the amendments, the amendments do not apply. Tex.Bus. & Com.Code Ann. § 15.52 (Vernon Supp.1994).

**504**

The covenant is not ambiguous. Only one interpretation is possible. The phrase "beyond the period of association between COMPANY and CLIENT" refers to the business relationship between GDI and its clients—not GDI and its job shoppers.

The covenant prohibits Bacon and Shannon from accepting employment from GDI's clients for thirty days after GDI and its *clients'* association ends. The relationship between GDI and its clients could exist indefinitely. The covenant does not define any geographic area where the job shoppers could accept employment during this time. Because it is not sufficiently limited as to time and territory, the covenant is not reasonable. We find the covenants not to compete unenforceable as a matter of law.

The trial court erred when it ruled "Paragraph 8(a) in General Device's Employment Contract *is reasonable as a matter of law and enforceable.*" Consequently, the trial court erred in granting GDI's motion for summary judgment and denying that portion of Bacon and Shannon's motion for summary judgment based on the covenant's enforceability.

### b. Antitrust Violations

 Bacon and Shannon argue that if the covenant is unreasonable, it violates antitrust laws. We disagree. An unreasonable agreement between the parties does not necessarily violate the antitrust laws. Antitrust law violations require an adverse effect on the relevant market.

Bacon and Shannon offered no summary judgment evidence of the relevant market or any effect on that market. The trial court did not err in denying Bacon and Shannon's motion for summary judgment on their antitrust claims. We affirm the trial court's denial of Bacon and Shannon's motion for summary judgment.

 However, GDI moved for summary judgment on Bacon and Shannon's antitrust claim. Its motion alleged that the covenant not to compete was reasonable. The trial court granted GDI's motion for summary judgment because the covenant not to compete was reasonable and enforceable. We

have found the covenant not to compete was neither reasonable nor enforceable. The trial court erred in granting GDI's motion for summary judgment on the antitrust claims.

### CONCLUSION

We affirm the trial court's denial of summary judgment on Bacon and Shannon's antitrust and tortious interference claims. We reverse the instructed verdict granted against GDI. We reverse the trial court's summary judgment for GDI which held the covenant not to compete reasonable and enforceable as a matter of law. We reverse the trial court's denial of summary judgment on Bacon and Shannon's unenforceability of the covenant not to compete. We render judgment that the covenants are unreasonable and unenforceable. We reverse the trial court's summary judgment for GDI on Bacon and Shannon's claim of antitrust.

We remand this cause for further proceedings consistent with this opinion.