## EMERGICARE SYSTEMS CORPORATION, Appellant,

v.

## Lynn BOURDON, M.D., et al., Appellees.

### No. 11–96–131–CV.

Court of Appeals of Texas, Eastland.

March 20, 1997.

Rehearing Overruled April 24, 1997.

William A. Hicks, Kory G. Robinson, McMahon, Surovik, Suttle, Buhrmann, Hicks, & Gill, Abilene, for appellant.

James W. Morris, Jr., Kenneth R. Aslakson, E. Eldridge Goins, Goins, Underkofler, Crawford, & Longdon, Dallas, for appellees.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

DICKENSON, Justice.

Emergicare Systems Corporation sued Lynn Bourdon, M.D. and Metroplex Emergency Physicians, P.A. Emergicare alleged that Dr. Bourdon breached a covenant not to compete and that Metroplex tortiously interfered with its contractual agreement with Dr. Bourdon. Following a nonjury trial, judgment was rendered on February 15, 1996, that Emergicare take nothing from these defendants.[1] Emergicare appeals. We affirm the judgment of the trial court.

### Background Facts

Emergicare provided emergency room physicians to the Longview Regional Hospital for several years, and Dr. Bourdon was one of those physicians. On October 23, 1991, Emergicare Systems Corporation (ESC) sent a letter to Dr. Bourdon confirming that its contract with Longview Regional Hospital would terminate on November 8, 1991, and that "pursuant to your agreement for professional services with ESC, that agreement terminates coincidentally." Dr. Bourdon then talked to the hospital administrator and to Metroplex. Arrangements were made for him to continue his work at the emergency room as an employee of Metroplex.

### Findings of Fact and Conclusions of Law

The trial court made findings of fact and conclusions of law pursuant to TEX. R.CIV.P. 297. The trial court's fact findings have the same force and effect as a jury's verdict upon special issues. See, e.g., *Jack-*

---

**1.** The other defendants, Longview Regional Hospital, Inc. and Health Trust, Inc., settled their disputes with Emergicare; and those claims were dismissed prior to trial.

*son v. McKenney,* 602 S.W.2d 124, 126 (Tex. Civ.App.–Eastland 1980, writ ref'd n.r.e.). Relevant portions of those findings and conclusions read as shown:

1. Lynn Bourdon, M.D. was hired by Emergicare Systems Corporation in 1988 to work as an independent contractor for Emergicare in the emergency room of Longview Regional Hospital.

4. The 1991 contract [between Emergicare and Dr. Bourdon] included the following provisions:

[Paragraph 8] The Physician hereby agrees to the following:

(A) Neither he/she, nor any professional association, partnership, or practitioner of medicine with whom the Physician is currently or may in the future associate, will open, own, operate or otherwise participate in, any emergency center, emergency clinic, general or family or any similar practice *within five (5) miles of any such emergency clinic or emergency center operated by ESC or any of its affiliates.*

(B) The Physician hereby agrees not to contract to provide services (or otherwise accept employment) with any facility *which has had a contract for the provision of emergency room services with ESC, or any affiliate of ESC, for a period of one (1) year following termination of such contract at the facility.*

The Physician acknowledges and agrees that the covenant contained in this Paragraph 8 is reasonable and does not impose a greater restraint than is necessary to protect the goodwill or other business interests of ESC.

The Physician shall abide by the aforementioned terms unless first having paid Fifty Thousand ($50,000.00) cash as liquidated damages and not as penalty to ESC. In the event litigation is necessary to recover this payment, Physician agrees to pay ESC all costs of said litigation, including, but not limited to, attorneys' fees, court costs, witness fees and the like. Additionally, in the event of an actual or threatened breach of this covenant, pending full payment of the $50,000.00 liquidated damages hereunder, ESC shall be entitled to an injunction restraining the Physician from further violation of this covenant.

[Paragraph 13] The Physician understands that the enforceability of this Agreement is contingent upon ... the existence of a valid contract between ESC and the facility or facilities in which the Physician may be providing professional services. In the absence of a contract *or in the event of contract termination between ESC and any facility in which the Physician is or may be providing services, either party hereto shall have the right to terminate this contract (without liability to the other) upon ten (10) days written notice, provided ESC and Physician cannot agree upon suitable reassignment.* (Emphasis added)

5. In a letter dated October 23, 1991, Emergicare confirmed previous conversations with Bourdon that Emergicare and Longview would terminate their relationship effective November 8, 1991. It additionally stated that "therefore, pursuant to your [Bourdon's] agreement for professional services with ESC, that agreement terminates coincidentally."

6. Bourdon wrote a letter to Emergicare dated October 30, 1991 [which] referred to a conversation on October 15, 1991 stating that he was attempting to remain at Longview and had talked with its new contractor, Metroplex Emergency Physicians, P.A.

7. Emergicare replied to Bourdon in a letter dated October 25, 1991 that his continued employment at Longview would violate the covenant not to compete in the 1991 contract and that positions in Lufkin, Tyler, and Longview might be available.

8. In a letter dated October 31, 1991, Bourdon gave thirty (30) days notice to Emergicare of his desire to terminate his contract.

9. Metroplex began providing staff services to Longview on November 8, 1991.

10. Bourdon was signed [sic] an employment contract with Longview on November 6, 1991. He began work at the Longview emergency room on November 8, 1991.

11. At the end of 1991, Emergicare was not doing business with any hospitals or clinics.

### Conclusions of Law

1. The services agreement between Dr. Lynn Bourdon and Emergicare Systems Corporation is not an at-will employment relationship. Bourdon was paid monthly at a rate specified in the contract; and both parties could terminate the contract only after providing thirty days written notice during which time contractual obligations would remain in force.

2. The covenant not to compete is ancillary to an otherwise enforceable agreement as there have been no allegations or evidence that the employment agreement for the duration of one year between Bourdon and Emergicare was otherwise invalid.

3. *The time limitation in the covenant not to compete is unreasonable.* The basis of the time limit is the contract between Emergicare and the facility which could last for decades.

4. *The covenant not to compete is unreasonable in scope* because to prevent Bourdon from continuing to serve the public as an emergency doctor is a greater restraint than necessary to protect Emergicare's interests.

5. *The covenant not to compete is unenforceable as a matter of law.* The court may reform the covenant not to compete, but pursuant to TEX.BUS. & COM.CODE § 15.51(c), no damages may be awarded.

6. *Because the covenant not to compete is an unreasonable restraint of trade,* it cannot form the basis of an action for tortious interference. (Emphasis added)

### Points of Error

Appellant argues five points of error. In its first four points, appellant claims that the trial court erred in making Conclusions of Law Nos. 3, 4, 5, and 6. In its last point, appellant argues that the trial court erred in overruling its objection to a question asked during the cross-examination of its president. The objection was that counsel was asking appellant's president about his "understanding" of the meaning of Paragraph 8(B) of the contract which is quoted above under Finding of Fact No. 4. There is no challenge to any of the trial court's Findings of Fact. Appellees present one cross-point, arguing that the trial court erred in denying them the recovery of their attorney's fees.

### This Court's Ruling

■ All of the points of error and the cross-point have been considered and overruled. We agree with the trial court that the covenant not to compete (Paragraph 8 of the Agreement for Professional Services dated December 18, 1990) is unreasonable as written and that it is not enforceable without reformation. Since appellant did not seek reformation, the trial court did not err in rendering its judgment that appellant take nothing.

First, we note that the enforceability of Paragraph 8 is conditioned upon the provisions of Paragraph 13. That paragraph specifically provides that, "in the event of contract termination between ESC and any facility in which the Physician is or may be providing services [including Longview Regional Hospital], either party hereto shall have the right to terminate this contract." The contract then states that the termination is "without liability to the other" if the parties cannot agree upon a suitable reassignment. The record is clear that there was no agreement for reassignment.

Next, we note that the covenant purports to restrict the doctor from working within five miles of "any" clinic operated by ESC, whether the doctor ever worked in that clinic or not. Also, the covenant purports to restrict the doctor from working in any emergency room where ESC provides emergency room physicians for one year "following termination of such contract." This could be at some indefinite future date, more than one year following the doctor's termination of employment by ESC.

The law in Texas as to covenants not to compete was discussed by our supreme court in *Weatherford Oil Tool Company v. Campbell,* 340 S.W.2d 950, 951 (Tex.1960):

An agreement on the part of an employee not to compete with his employer after

termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable.... [T]he test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer.

TEX.BUS. & COM.CODE ANN. § 15.51 (Vernon Supp.1997) provides that, if a covenant not to compete contains "limitations as to time, geographical area, or scope of activity to be restrained that are not reasonable," the trial court can reform the covenant "to the extent necessary to cause the limitations ... to be reasonable." This section also provides that the court cannot award "damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be limited to injunctive relief." Emergicare did not seek injunctive relief; it sought liquidated damages.

See and compare *General Devices, Inc. v. Bacon*, 888 S.W.2d 497 (Tex.App.–Dallas 1994, writ den'd), and *Hospital Consultants, Inc. v. Potyka*, 531 S.W.2d 657 (Tex.Civ. App.–San Antonio 1975, writ ref'd n.r.e.). The Dallas Court of Appeals said in *Bacon*, supra at 504:

> The covenant prohibits [the employees] from accepting employment from [the employer's] clients for thirty days after [the employer] and its *clients'* association ends. The relationship between [the employer] and its clients could exist indefinitely.... Because it is not sufficiently limited as to time and territory, the covenant is not reasonable. (Emphasis in original)

The San Antonio Court of Appeals said in *Potyka*, supra at 663:

> In the absence of special circumstances, a covenant which has as its sole purpose the elimination of competition is not reasonable.

\*  \*  \*  \*  \*  \*

It is true that there are cases, such as those involving sale of a business or goodwill, where a restrictive covenant has been enforced although its sole objective is the elimination of competition. But a restrictive covenant in connection with the sale of a business or goodwill is quite different from a post-employment restriction.

The trial court was also correct in rendering the take nothing judgment on appellant's claim against Metroplex. See *Juliette Fowler Homes, Inc. v. Welch Associates, Inc.*, 793 S.W.2d 660, 665 (Tex.1990), where the supreme court held:

> We now hold that covenants not to compete which are unreasonable restraints of trade and unenforceable on grounds of public policy cannot form the basis of an action for tortious interference.

■ The trial court did not err in permitting the cross-examination of appellant's president as to his "understanding" of the meaning of Paragraph 8(B). In this nonjury trial, we presume that the trial court interpreted the paragraph as written in the agreement. We presume that the trial court did not consider any evidence which was not admissible. This court agrees with the trial court that Paragraph 8(B), as written, purports to bind the physician "for a period of one (1) year following termination of [ESC's] contract at the facility." This could be much later than the end of the physician's term of employment. *General Devices, Inc. v. Bacon*, supra.

■ Cross–Point of Error No. 1 is also overruled; appellees have not shown that the trial court erred in denying them a recovery of their attorney's fees. Appellees rely upon Section 15.51(c) for their claim that the trial court erred in denying them a recovery of their attorney's fees. We note that this statute provides that "the court *may* award ... reasonable attorney's fees ... in defending the action to enforce the covenant." (Emphasis added) This statute is permissive, not mandatory. There is no showing that the trial court abused its discretion in refusing to award attorney's fees.

The judgment of the trial court is affirmed.