**AFFIRMED; Opinion Filed August 12, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01135-CV

## RICHARD P. DALE, JR., D/B/A SENIOR HEALTHCARE CONSULTANTS, Appellant
## V.
## TAMMY S. HOSCHAR, Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-0860-4**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Evans

Richard P. Dale, Jr., d/b/a Senior Healthcare Partners, appeals an adverse judgment in favor of Tammy S. Hoschar, a former independent insurance sales agent who sold insurance policies pursuant to an agent agreement with Dale. In a single issue, Dale complains the trial court did not enforce a non-compete agreement but instead awarded Hoschar earned but unpaid commissions plus attorney's fees. We conclude the trial court did not err, so we affirm.

### I. BACKGROUND

Hoschar contracted with Dale to sell insurance as an independent contractor pursuant to an Agent Agreement. In the agreement, the parties agreed:

Upon Termination of the Agreement, the Agent shall return to General Agent any and all information and supplies provided to Agent including any and all lead

> information and agrees to take no action either directly or indirectly, as an agent, employee, principal, or consultant of any third party or to utilize and [*sic*] third party, to attempt to replace business with any policyholder by soliciting or offering competing policies of insurance to any policyholder to which Agent sold any policy of insurance pursuant to the terms of this Agreement.

Hoschar sold insurance pursuant to the agreement. The commission structure provided more compensation to Hoschar the first year a policy was in force than subsequent years.[1] Hoschar changed agencies for which she sold insurance and Dale sued her to enjoin her from soliciting policyholders to replace their insurance with coverage she sold at her new employer. Hoschar counterclaimed for earned but unpaid commissions. The parties waived a jury,[2] stipulated that Dale owed Hoschar $7,112.35 subject to the trial court's determination of the enforceability of the covenant not to compete, and submitted that issue to the trial court at a bench trial. The trial court decided the covenant not to compete was unenforceable as a matter of law because it does not contain reasonable time or geographic limitations. The trial court awarded reasonable and necessary attorney's fees and rendered judgment for Hoschar. Dale timely filed notice of this appeal.

## II. ANALYSIS

### A. *Standard of Review*

Dale does not challenge the legal or factual sufficiency of the evidence, but in a single issue challenges the trial court's determination that the non-competition clause was unenforceable. We review a trial court's conclusions of law *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We independently evaluate the trial court's conclusions of law to determine whether the trial court correctly drew the legal conclusions from the facts. *Id*. Conclusions of law must be upheld on appeal if any legal theory supported by the

---

[1] According to Dale at oral argument, this resulted in financial incentive both to sell insurance to new customers and to sell existing customers replacement insurance even if the premiums were the same.

[2] Dale, also, nonsuited a defamation claim against Hoschar.

evidence sustains the judgment, and will be reversed only if the conclusions are erroneous as a matter of law. *Cohn v. Comm'n for Lawyer Discipline*, 979 S.W.2d 694, 697 (Tex. App.— Houston [14th Dist.] 1998, no pet.).

## B. Covenants not to Compete

In Texas,

a covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement was made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

TEX. BUS. & COM. CODE § 15.50(a) (West 2014). This statutory criteria for enforceability of a covenant not to compete and the procedures and remedies provided by section 15.51 "are exclusive and preempt any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise." *Id*. at § 15.52 (West 2014). Our determination of whether a covenant not to compete is a reasonable restraint of trade is a question of law for the court. *U.S. Risk Ins. Group, Inc. v. Woods*, 399 S.W.3d 295, 301 (Tex. App.—Dallas 2013, no pet.).

The focus of our inquiry when considering a challenge to a covenant not to compete is whether the covenant is ancillary to an otherwise enforceable agreement, whether it contains limitations on time, geographical area, and scope of activity to be restrained and, if so, whether those limitations are reasonable. *Alex Sheshnoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 655 (Tex. 2006); *Ad Com, Inc. v. Helms*, 05-96-01706-CV, 2000 WL 45880, at *2 (Tex. App.—Dallas Jan. 21, 2000, pet. denied) (mem. op.). As to reasonable time limitation,[3] we have held that a covenant not to compete in an employment agreement that was indefinite in its

---

[3] Neither party addresses whether the covenant not to compete here was ancillary to an otherwise enforceable agreement, so we do not address that issue.

time limitation was unreasonable and therefore unenforceable as a matter of law. *Gen. Devices, Inc. v. Bacon*, 888 S.W.2d 497, 504 (Tex. App.—Dallas 1994, no writ). As to geographical and scope of activity limitations, a covenant not to compete that has no limitations concerning geographical area or scope of activity is an unreasonable restraint of trade and unenforceable. *Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 663 (Tex. 1990); *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 661 (Tex. App.—Dallas 1992, no writ) (covenant not to compete unenforceable because no geographical limitation); *but see Gallagher Healthcare Ins. Servs. v. Vogelsang*, 312 S.W.3d 640, 654 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("A number of courts have held that a non-compete covenant that is limited to the employee's clients is a reasonable alternative to a geographical limit," citing cases).[4]

Dale brings a single issue, that the covenant not to compete was enforceable as a matter of law. No record of the bench trial was filed in this appeal, but the existence of the agreement and the text of the covenant not to compete are not in dispute.[5] In addition, neither party challenges the application of section 15.50 to independent contractors as Hoschar was here.[6]

Dale argues the limitations on Hoschar's competition are reasonable.[7] As to time, Dale argues the phrase, "attempt to replace business . . . by soliciting or offering competing policies of insurance," reasonably limits the restraint on Hoschar to the duration of the current policy held by each insured. At oral argument, Dale contended this "replace business" restriction was

---

[4] Although appellant argues for exceptions to these principles from cases involving the sale of a business, "In the employment context, covenants not to compete are generally disfavored as restraints of trade." Siobhan Ray, *Don't Hop on the Bandera Wagon Just Yet: Enforcing Sale-of-Business Covenants Not to Compete in Texas*, 65 BAYLOR L. REV. 682, 686 (2013).

[5] The covenant not to compete was quoted by both parties in their briefs and by the trial court in the judgment.

[6] Courts have applied section 15.50 to independent contractors, but without discussion. *See Cobb v. Caye Publ'g Group, Inc.*, 322 S.W.3d 780, 782 (Tex. App.—Fort Worth 2010, no pet.); *Wilson v. Chemco Chem. Co.*, 711 S.W.2d 265, 266 (Tex. App.—Dallas 1986, no writ).

[7] In the trial court, Hoschar only challenged the covenant not to compete for failing to have reasonable limitations on time and geography. Neither party nor the trial court addressed the scope of activity, so we will not address it either.

limited to the current policy held by each policyholder and did not restrict Hoschar from soliciting policyholders after they renewed their coverage. Hoschar argued in her brief that this "replace business" restriction contained no exclusion of renewal policies and, therefore, was indefinite as to time and unenforceable. We agree with Hoschar.

An indefinite-duration noncompetition clause otherwise covered by section 15.50 is unenforceable because it is not reasonably limited as to time. *See Bacon*, 888 S.W.2d at 500. In *Bacon*, temporary agency employees had agreed not to accept employment with the agency's "client" companies until the expiration of thirty days after the relationship between the agency and its "client" companies ended. We held this restriction was indefinite in time because the relationship between the agency and its "client" companies could continue indefinitely. We see no difference with Dale's agreement with Hoschar. The agreement does not exclude renewal coverage of policyholders who could renew repeatedly for decades.[8]

As to geography, Dale argues the phrase, "any policyholder to which Agent sold any policy of insurance pursuant to the terms of this Agreement," reasonably restricts Hoschar to the geographical area of existing policyholders. Hoschar argues this merely restricts the covenant not to compete to Dale's existing policyholders but does not contain a geographical limitation. Hoschar relies on *Juliette Fowler Homes*, 793 S.W.2d at 663, in which the supreme court considered a noncompetition clause that prohibited departed employees from entering into contracts "with any past or present clients of Welch wherever they may be located." *Id.* The supreme court concluded the noncompetition clause "contains no limitations concerning geographical area or scope of activity . . . . This prohibition is absolute, unequivocal and

---

[8] We do not have a record of the trial and exhibits, so we do not have even one policy to ascertain the length of any policyholder's policy of insurance. Thus, even if we agreed with Dale's view that the noncompetition clause permitted Hoschar to solicit policyholders after each renewed their insurance, we have no evidence of how many years that would result in the noncompetition clause being in force. It was Dale's burden to demonstrate the trial court erred and even under Dale's interpretation of the agreement he has not demonstrated that as to the lack of a reasonableness of the duration of the noncompetition clause.

unreasonable." *Id.* This Court has also held that a noncompetition clause that restricts solicitation of clients without more fails to contain a reasonable limitation on its geographical reach. *See Bacon*, 888 S.W.2d at 504.

Dale argues that other courts of appeals have decided that a noncompetition clause's limitation to clients or customers is an adequate substitute for a geographical limitation. *See Vogelsang*, 312 S.W.3d at 654 (citing cases). We need not resolve the apparent conflict of these cases with section 15.52's prohibition against substituting different criteria from that selected by the Legislature in section 15.50 or with *Juliette Fowler Homes* or *Bacon*. The Dale-Hoschar noncompetition clause lacks a reasonable time limitation and that is sufficient to conclude it is unenforceable.

## III. CONCLUSION

For these reasons, we overrule Dale's single issue and affirm the judgment of the trial court.

/David Evans/
DAVID EVANS
JUSTICE

131135F.P05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RICHARD P. DALE, JR., D/B/A SENIOR
HEALTHCARE CONSULTANTS,
Appellant

No. 05-13-01135-CV      V.

TAMMY S. HOSCHAR, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-0860-4
Opinion delivered by Justice Evans, Justices
Fillmore and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Tammy S. Hoschar recover her costs of this appeal from appellant Richard P. Dale, Jr., d/b/a Senior Healthcare Consultants.

Judgment entered this 12th day of August, 2014.