Bruce R. MARTIN, Petitioner,

v.

CREDIT PROTECTION ASSOCIATION, INC., Respondent.

No. C–7339.

Supreme Court of Texas.

June 6, 1990.

Rehearing Overruled Sept. 12, 1990.

---

James L. Hicks, Dallas, for petitioner.

Edwin Tobolowsky, Robert A. Miller, Dallas, for respondent.

## ON MOTION FOR REHEARING

HIGHTOWER, Justice.

Respondent's motion for rehearing is overruled. The opinion of July 13, 1988 is withdrawn and the following is substituted.

This is a suit to enforce a covenant not to compete in an employment agreement. The trial court enjoined Martin for a period of three years from selling, soliciting, or contacting those customers of Credit Protection Association (CPA) that Martin had contacted while working for CPA. The court of appeals affirmed the judgment of the trial court. 757 S.W.2d 24. We reverse the judgment of the court of appeals, dissolve the injunction, hold the restrictive covenant void in all respects, and render judgment that CPA take nothing.

CPA, a collection service for cable systems, hired Martin in 1980 as a director of marketing and in 1983 promoted him to vice president. In 1983, Martin executed an "employment agreement" in which he agreed not to compete with CPA for three years following termination. Martin was required to sign the agreement or he would have been terminated. In 1985, Martin resigned his employment with CPA. Within a few days, Martin started his own collection service. He solicited customers of CPA, and CPA sought to enjoin Martin's activities.

CPA sued Martin seeking, among other things, to enjoin Martin from competing with it. After trial, the court issued an injunction enforcing those portions of the covenant not to compete which it found to be reasonable. The court of appeals affirmed, holding that the trial court properly enforced those portions of the covenant found to be "reasonable," that such enforcement did not constitute a "reformation" of the parties' agreement and that the covenant as enforced by the trial court was proper.

The issue before this court is whether the covenant not to compete in the "employment agreement" is enforceable against Martin. We hold that the covenant is not enforceable.

A covenant not to compete is in restraint of trade and unenforceable on grounds of public policy unless it is reasonable. *Frankiewicz v. National Comp. Assoc.,* 633 S.W.2d 505, 507 (Tex.1982). Whether an agreement not to compete is a reasonable restraint of trade is a question

of law for the court. *Henshaw v. Kroenecke*, 656 S.W.2d 416, 418 (Tex.1983).

■ An enforceable covenant not to compete must be ancillary to an otherwise valid contract whose primary purpose is unrelated to the suppression of competition between the parties. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670 (Tex. 1990); *Hill v. Mobile Auto Trim, Inc.*, 725 S.W.2d 168, 176 (Tex.1987) (Gonzalez, J., dissenting); *Justin Belt Co. v. Yost*, 502 S.W.2d 681, 683–684 (Tex.1973); 14 S. Williston, A Treatise on the Law of Contracts § 1636, at 102 (3d ed. 1972). *See also Potomac Fire Ins. Co. v. State*, 18 S.W.2d 929, 934–935 (Tex.Civ.App.—Austin 1929, writ ref'd). A covenant not to compete must be supported by valuable consideration. *Hill*, 725 S.W.2d at 171. However, as long as there is an exchange of consideration to support the primary purpose of the agreement, the covenant not to compete is supported by that consideration. *Gill v. Guy Chipman Co.*, 681 S.W.2d 264, 269 (Tex.App.—San Antonio 1984, no writ); *Chenault v. Otis Engineering Corp.*, 423 S.W.2d 377, 382 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.).[1]

■ Martin was an employee-at-will from 1980 until 1985. However, in April 1983, Martin executed an "employment agreement" which included numerous self-serving statements such as CPA "has expended substantial time, money, and effort in developing and providing ... a training program to teach employees ...," Martin "will have access to and become familiar with various trade secrets, including but not limited to secret inventions, processes, procedures, systems and compilations of information, records, forms and lists ..." and CPA "hereby employs or continues to employ [Martin] and [Martin] hereby accepts employment or continued employment with [CPA]." Even though Martin signed the "employment agreement" which prohibited his competition with CPA for at least three years, he remained an employee-at-will and was subject to termination at any time.

An enforceable covenant not to compete must be ancillary to an otherwise enforceable agreement. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d at 681–682. In its findings of fact, the trial court found that the "agreement was ancillary to employment." However, we find that the covenant not to compete was not *ancillary* to an employment agreement as a matter of law. It is undisputed that the "employment agreement" consisted entirely of a covenant not to compete; it did not contain any terms or provisions usually associated with an employment contract such as title, position, duration of employment, compensation, duties or responsibilities. It is also undisputed that Martin executed the covenant not to compete approximately three years after he was employed by CPA and that Martin was required to sign the agreement or he would have been terminated. Furthermore, even if the covenant not to compete was ancillary to the employment agreement, the covenant is not *an otherwise enforceable agreement.* An "employment-at-will" relationship is not binding upon either the employee or employer. Either may terminate the relationship at any time. As a result, we conclude that the covenant not to compete was not ancillary to the employment agreement as a matter

1. While this cause was pending before this court, the Legislature added sections 15.50 and 15.51 to the Texas Business and Commerce Code concerning covenants not to compete. TEX.BUS. & COM.CODE ANN. §§ 15.50, 15.51 (Vernon Supp.1990). The Legislature made these sections applicable "to a covenant entered into before, on, or after the effective date of this Act." Act of June 16, 1989, ch. 1193, § 1 1989 Tex.Gen.Laws 4852 (effective Aug. 28, 1989). We need not determine in this case whether sections 15.50 and 15.51 apply retroactively to affect litigation concerning the rights of parties to a covenant not to compete which commenced before the statute was enacted. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d at 684–685. Under section 15.50(1), a covenant not to compete is enforceable when (1) it is ancillary to an otherwise enforceable agreement, or (2) if the covenant not to compete is executed on a date other than the date on which the underlying agreement is executed, the covenant must be supported by independent valuable consideration. Thus, section 15.50(1) would not require a result in this case different from the one we reach today. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d at 684–685.

of law and that the covenant not to compete is not an otherwise enforceable agreement.

■■■ A covenant not to compete, executed on a date other than the date on which the underlying agreement is executed, is enforceable only if it is supported by independent valuable consideration. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d at 681; *Hill*, 725 S.W.2d at 171. Assuming that the inception of Martin's employment-at-will relationship in 1980 constitutes the "underlying agreement," the covenant not to compete was not supported by independent valuable consideration. Since an employment-at-will relationship is not binding upon either the employee or the employer and either may terminate the relationship at any time, continuation of an employment-at-will relationship does not constitute independent valuable consideration to support the covenant. Special training or knowledge acquired by an employee during employment may constitute independent valuable consideration.[2] *Hill*, 725 S.W.2d at 171. The trial court found that CPA (1) had no trade secrets, and (2) had a sufficiently important interest in its customer information to justify reasonable restrictions. However, "customer information" is neither special training nor knowledge.[3] As a result, we find that the covenant not to compete was not supported by independent valuable consideration. Since the covenant not to compete is not ancillary to an otherwise enforceable agreement or supported by independent valuable consideration, we hold that the covenant not to compete is not enforceable against Martin.

For the reasons explained herein, we reverse the judgment of the court of appeals, dissolve the injunction, hold the restrictive covenant void in all respects and render judgment that CPA take nothing.

---

**2.** Contrary to *Bland v. Henry & Peters, P.C.*, 763 S.W.2d 5 (Tex.App.—Tyler 1988, writ denied), special training and knowledge is not "the *only* consideration that will support a covenant not to compete ancillary to a contract of employment...." *Id.* at 8 (emphasis in original). *See generally* McKelvey, *Postemployment Noncompetition Restrictive Covenants in Texas*, 30 S.TEX.L.J. 1, 87–92 (1988).

**3.** Although "customer information" is neither special training nor knowledge which may constitute independent valuable consideration, business goodwill, trade secrets, and other confidential or proprietary information (including "customer information") are legitimate interests which may be protected in an otherwise enforceable covenant not to compete. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d at 682.