TRAVEL MASTERS, INC.
et al., Petitioners,

v.

STAR TOURS, INC., Respondent.

No. D–0962.

Supreme Court of Texas.

Dec. 18, 1991.

Rehearing Overruled May 27, 1992.

Tom S. McCorkle, Dallas, for petitioners.

Randy Roberts, Bradley S. Freedberg, Randy Roberts, Dallas, for respondent.

## OPINION

HIGHTOWER, Justice.

In this covenant not to compete case, Star Tours, Inc. sued Travel Masters, Inc., Donna Goldsmith and Walter Goldsmith seeking, among other things, injunctive relief and damages from Donna Goldsmith for the breach of a covenant not to compete and from Travel Masters and Walter Goldsmith for the tortious interference with a contractual relationship. The trial court rendered judgment in favor of Donna Goldsmith concerning the covenant not to compete claim and against Travel Masters and Walter Goldsmith concerning the tortious interference with the covenant not to compete. The court of appeals reversed and remanded the covenant not to compete claim against Donna Goldsmith, holding that the covenant not to compete was enforceable as a matter of law. The court affirmed the judgment against Travel Masters and Walter Goldsmith. —— S.W.2d ——. We reverse the judgment of the court of appeals and render judgment that Star Tours take nothing against Travel Masters, Donna Goldsmith and Walter Goldsmith.

Donna Goldsmith, an experienced travel agent, was hired by Star Tours with the intent to eventually make her office manager. As a condition of her employment, Donna executed an "Employee Non–Competition Agreement" which consisted entirely of a covenant not to compete. The agreement provided:

> WHEREAS, Employee, in consideration of the agreements herein contained and the compensation to be paid her, expressly agrees that she will not, for a period of twenty-four (24) months after termination of her employment hereunder for any reason whatsoever, directly or indirectly as Employer, Employee, stockholder, principal agent Employee or in any other individual representative capacity whatsoever, solicit, serve or cater to or engage in, assist, be interested in or connected with any other person, firm or corporation in the same or similar business of Employer soliciting, serving or catering to any of the customers served by her or by any other employee of Employer during the term of her employment. Additionally, Employee shall not disclose to any other persons, firms or entities in the same or similar business as Employer, the names, customers of Employer nor disclose any information of any kind pertaining to the terms of any agreements between Employer and its customers.

Although Donna signed the "Employee Non–Competition Agreement" prohibiting

her competition with Star Tours for two years, she was an employee-at-will and was subject to termination at any time for any reason.

Several years after beginning her employment with Star Tours, Donna and her parents incorporated Travel Masters, a competing travel agency. Donna eventually left Star Tours and joined Travel Masters as its president. Star Tours attempted to enforce the covenant not to compete against Donna and Travel Masters and ultimately sought, and obtained, a temporary injunction restraining Donna and Travel Masters from soliciting specified Star Tours customers.[1]

Star Tours thereafter added Donna's father, Walter, as a defendant and sought damages from him and Travel Masters for tortious interference with a contractual relationship and from Donna for breach of the covenant not to compete. On Donna's motion, the trial court granted a directed verdict in her favor because the covenant not to compete was unenforceable. However, the tortious interference claims against Walter and Travel Masters were submitted to a jury. The jury found that Walter and Travel Masters wrongfully and maliciously induced a breach of the covenant not to compete and awarded Star Tours actual and exemplary damages. The court of appeals reversed and remanded the covenant not to compete claim against Donna, holding that the covenant not to compete was enforceable as a matter of law. The court affirmed the judgment against Travel Masters and Walter.

## I.

Donna argues that the covenant not to compete is unenforceable as a matter of law because it was not ancillary to an otherwise enforceable agreement. We agree.

■ A covenant not to compete is in restraint of trade and unenforceable on

grounds of public policy unless it is reasonable. *Martin v. Credit Protection Ass'n, Inc.,* 793 S.W.2d 667, 668 (Tex.1990); *Desantis v. Wackenhut Corp.,* 793 S.W.2d 670, 681 (Tex.1990). Whether a covenant not to compete is a reasonable restraint of trade is a question of law for the court. *Martin,* 793 S.W.2d at 668–69. Among other things, an enforceable covenant not to compete must be ancillary to an otherwise enforceable agreement. *Martin,* 793 S.W.2d at 669. *See* Tex.Bus. & Com.Code § 15.50.

■ In *Martin,* we examined an "employment agreement" consisting entirely of a covenant not to compete. The "employment agreement" was executed three years after Martin became an employee-at-will and Martin faced termination if he refused to execute the agreement. *Martin,* 793 S.W.2d at 669. We held that the covenant not to compete was not ancillary to an otherwise enforceable agreement as a matter of law because neither the "employment agreement" nor the employment-at-will relationship was an otherwise enforceable agreement. *Id.* at 669–70. In this case, the "employment agreement" consisted entirely of a covenant not to compete; it did not contain any terms or provisions usually associated with an employment contract. Donna was required to sign the covenant not to compete as a condition of employment. The only difference between this case and *Martin* is that Donna executed the covenant not to compete contemporaneously with the inception of her employment while the *Martin* covenant was executed three years after Martin began employment.

■ In both cases, however, the employment relationship was "at-will".[2] An "employment-at-will" relationship is not binding upon either the employee or the employer. Either may terminate the rela-

---

1. *Travel Masters and Donna appealed the temporary injunction; the court of appeals affirmed the trial court. This court dismissed the application for writ of error for want of jurisdiction.*

742 S.W.2d 837 (Tex.App.—Dallas 1987, writ dism'd w.o.j.).

2. During oral argument, Star Tours asserted that Donna Goldsmith was not an employee-at-

tionship at any time. *Id.* at 669. Thus, an employment-at-will relationship, although valid, is not an otherwise enforceable agreement. *Id.* at 669–70. *See Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 689 (Tex.1989). Because employment-at-will is not binding upon either the employee or the employer and is not an otherwise enforceable agreement, we conclude that a covenant not to compete executed either at the inception of or during an employment-at-will relationship cannot be ancillary to an otherwise enforceable agreement and is unenforceable as a matter of law. Since Donna's covenant not to compete is not ancillary to an otherwise enforceable agreement, we hold that the covenant not to compete is an unreasonable restraint of trade and unenforceable on grounds of public policy.

### II.

■ Travel Masters and Walter argue that since the covenant not to compete was unenforceable, it cannot form the basis of an action for tortious interference. We agree.

■ Star Tours alleged that Walter and Travel Masters willfully and intentionally induced Donna to breach the covenant not to compete. Covenants not to compete which are unreasonable restraints of trade and unenforceable on grounds of public policy cannot form the basis of an action for tortious interference. *Juliette Fowler Homes v. Welch Asso.,* 793 S.W.2d 660, 665 (Tex.1990). Since the covenant not to compete is an unreasonable restraint of trade and unenforceable on grounds of public

policy, we hold that Star Tours cannot recover damages from Walter[3] or Travel Masters for the tortious interference of the covenant not to compete.

We reverse the judgment of the court of appeals and render judgment that Star Tours take nothing against Travel Masters, Donna Goldsmith and Walter Goldsmith.

---

will because she was paid on a monthly basis. However, the mere fact that Donna was paid on a monthly basis by Star Tours, without any other evidence, does not prove she was other than an employee-at-will.

3. The court of appeals held that Walter waived his affirmative defense of illegality of the covenant not to compete by failing to specifically plead that defense. Although Walter did not plead illegality, Donna and Travel Masters did plead the affirmative defense of illegality of the covenant not to compete. "When issues not raised by the pleadings are tried by express or

implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings." *Gulf & Basco Co. v. Buchanan,* 707 S.W.2d 655, 657 (Tex.App.–Houston [1st Dist.] 1986, writ ref'd n.r.e.) (affirmative defense of ambiguity of contract); Tex.R.Civ.P. 67. The question of the illegality of the covenant not to compete was clearly before the court. Consequently, in the absence of an objection, the illegality of the covenant not to compete concerning Walter was tried by implied consent.