piotrowski v. uta 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-102-CV





STEVIE W. PIOTROWSKI AND MARIE OVERLY,



 APPELLANTS


vs.





UNITED TEACHER ASSOCIATES, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 91-14768, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 




 Stevie W. Piotrowski and Marie Overly, appellants, bring a single point of error
in challenging a temporary injunction rendered against them by the district court based upon a
noncompetition covenant in appellants' contracts with United Teacher Associates, Inc. ("UTA"),
appellee. We will affirm the trial court's order.

 Appellants executed agency agreements with UTA that authorized them to sell
insurance policies on behalf of the company. Section 10(a) of these agreements contains a
covenant made by the agent not to compete with UTA:



The agent expressly agrees that he shall not, while an Agent of UTA or for a
period of two (2) years following the Termination Date of this Agreement, either
directly or indirectly invest or engage in any business which is competitive with
that of UTA, or accept employment with or render services to a competitor of
UTA as a director, officer, agent, employee, recruiter or consultant or take any
action inconsistent with this clause and adverse to UTA.




 Appellants terminated their relationship with UTA on September 18, 1991. They
subsequently became agents for an insurance company in direct competition with UTA. UTA
brought suit for breach of the noncompetition covenant and sought, among other remedies,
injunctive relief prohibiting appellants from contacting UTA policy holders or using UTA
customer lists or materials. The district court issued a temporary injunction, prohibiting direct
solicitation of UTA policy holders but allowing appellants to continue employment as insurance
agents.

 At a hearing on an application for a temporary injunction, the movant must show: 
(1) a probable right of recovery; (2) that imminent and irreparable harm will occur in the interim
if the request is not granted; and (3) that no adequate remedy at law exists. W. Wendell Hall,
Standards of Appellate Review in Civil Appeals, 21 St. Mary's L. J. 865, 874 (1990). The only
question before the trial court is the applicant's right to preservation of the status quo of the
subject matter of the suit pending trial on the merits. Transport Co. of Texas v. Robertson
Transports, Inc., 261 S.W.2d 549, 552 (Tex. 1953). To warrant the issuance of the injunction,
the applicant need only show a probable right and a probable injury, not that he will prevail on
the merits. Id.; see also Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 1986 & Supp.
1993). Appellate review of an order granting or denying a temporary injunction is strictly limited
to a determination of whether the trial court clearly abused its discretion by its ruling; the merits
of the underlying action are not presented for review. Davis v. Huey, 571 S.W.2d 859, 861-62
(Tex. 1978). The reviewing court may not substitute its judgment for that of the trial court. Id.
at 862; Public Util. Comm'm v. General Tel. Co. of the Southwest, 777 S.W.2d 827, 829 (Tex.
App.--Austin 1989, writ dism'd). There is no abuse of discretion if the applicant's petition alleges
a cause of action and the evidence tends to support it. Robertson Transports, 261 S.W.2d at 552. 

 Appellants assert that the covenant not to compete was rendered unenforceable by
the existence of an "at-will" clause in their contract with UTA. Section 8(a) allows either party
to terminate the agreement upon five days' written notice. The covenant, if invalid, could not
supply any basis for a probable right of recovery at trial or a probable harm to UTA.

 The Legislature has delineated when noncompetition clauses will be considered
valid:



. . . [A] covenant not to compete is enforceable to the extent that it: (1) is
ancillary to an otherwise enforceable agreement, but if the covenant not to compete
is executed on a date other than the date on which the underlying agreement is
executed, such covenant must be supported by independent valuable
consideration . . .



Tex. Bus. & Com. Code Ann. § 15.50 (West Supp. 1993).

 Appellants' point of error states that an at-will employment relationship cannot
provide adequate consideration to render a noncompetition covenant valid. However, their
argument in their brief and before this court reveals an additional, more global contention;
namely, that an at-will relationship automatically renders an employee's covenant not to compete
invalid and thus unenforceable. If the relationship between appellants and UTA can indeed be
termed at-will, appellants' interpretation of Texas law, if correct, would require us to reverse the
district court's injunction, as UTA would have shown no probable right of recovery at trial.

 Appellants cite two cases in support of their position that a noncompetition
covenant cannot validly bind an at-will employee under any circumstances. In Martin v. Credit
Protection Association, Inc., 793 S.W.2d 667 (Tex. 1990), an at-will employee signed an
"employment agreement" three years after he began working for his employer. This agreement
consisted solely of a noncompetition covenant. The supreme court noted there was no "otherwise
enforceable agreement" to which the covenant could be ancillary. Id. at 669. The covenant could
not be "ancillary to" itself. Neither did an at-will relationship constitute an "otherwise enforceable
agreement," since it bound neither party. Id. Finally, an at-will relationship was not
"independent valuable consideration" that would support a covenant signed after the underlying
agreement was executed. Id. at 670.

 Travel Masters, Inc. v. Star Tours, Inc., 827 S.W.2d 830 (Tex. 1991), similarly
involved an at-will employee who signed an agreement consisting solely of a covenant not to
compete with her employer. The only difference from Martin was that the agreement was signed
at the beginning of the employment period. Assuming the at-will employment relationship was
an underlying agreement, the employer arguably did not have to show independent consideration
to support the covenant. Nonetheless, the supreme court held that, just as in Martin, the covenant
was not ancillary to an otherwise enforceable agreement; neither the covenant itself nor the at-will
relationship could be considered such an agreement. Travel Masters, 827 S.W.2d at 832-33.

 Appellants interpret these cases as categorically rendering noncompetition clauses
unenforceable in every employment-at-will relationship. We are not persuaded that Martin and
Travel Masters, along with section 15.50 of the Business and Commerce Code, mandate such a
drastic result. Section 15.50 requires that a covenant not to compete must be supported by
consideration when executed, either as ancillary to an otherwise-enforceable agreement or by
independent consideration if executed separately. Martin and Travel Masters simply held that an
at-will relationship standing alone does not constitute the requisite consideration.

 Unlike the "agreements" in Martin and Travel Masters (see also Daytona Group
of Texas, Inc. v. Smith, 800 S.W.2d 285 (Tex. App.--Corpus Christi 1990, writ denied)), the
identical agreements signed by appellants contain many provisions in addition to the
noncompetition covenant. The agreement creates an agency relationship between UTA and
appellants; in return for agreeing to numerous clauses concerning duties, expenses, and
competition with UTA, appellants are promised commissions for the policies they sell. 
Furthermore, section 9 of the agreement provides that appellants will continue to receive renewal
commissions after termination of the agency relationship. The agreement is not rendered
unenforceable simply because it also contains a clause allowing termination by either party; the
possibility that the relationship will end does not make the contract voidable upon execution. The
agreement is supported by consideration and constitutes an "otherwise enforceable agreement" as
required by section 15.50.

 Moreover, even if we were to agree with appellants' reading of Martin and Travel
Masters, the trial court's order contains a "finding" removing this case from the scope of the rule
proposed by appellants. The court found the agreement was a contract establishing an agency
relationship, stating it was not an employment agreement. When a principal-agent relationship
exists, there may be particular reasons for the presence of a noncompetition clause in the contract. 
The agent may intentionally or innocently mislead third parties into believing the agent still
represents the principal's business. Thus, the agent may retain the "good will" associated with
the principal's business without owing any corresponding obligations. UTA alleged that
appellants committed such actions. An agency relationship is not, strictly speaking, an at-will
employment situation of the type the supreme court was concerned about in Martin and Travel
Masters.

 Appellants have not attacked this finding of the trial court. They have not
complained about any aspect of the temporary injunction, aside from their legal argument
regarding at-will employment discussed above. The injunction, moreover, did not enforce the
covenant to its full extent; it merely prohibited direct solicitation of UTA policy holders. UTA
has shown a probable right established by the noncompetition covenant deserving protection and
a probable injury to its business, pending trial on the merits, if appellants are not enjoined from
such solicitation. We cannot hold that the trial court clearly abused its discretion by granting the
requested relief. Accordingly, we overrule appellants' point of error.

 We do not reach UTA's crosspoint regarding unfair competition. The temporary
injunction is affirmed.



 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: January 20, 1993

[Do Not Publish]