# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-21151
Summary Calendar

GARY M. OLANDER,

Plaintiff - Appellee,

WHITNEY NATIONAL BANK,

Intervenor Plaintiff - Appellee,

versus

COMPASS BANK; COMPASS
BANCSHARES, INC.,

Defendants - Intervenor Defendants - Appellants.

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-01-CV-2184

June 3, 2002

Before POLITZ[*], STEWART, and DENNIS, Circuit Judges,

POLITZ, Circuit Judge:[**]

Compass Bank and Compass Bancshares, Inc. appeal the denial of a preliminary injunction to enforce a non-compete clause and a non-disclosure agreement against its former employee, Gary M. Olander. We have jurisdiction over the interlocutory appeal of a district court's denial of a preliminary injunction under 28 U.S.C. § 1292(a)(1).[1] The district court held that the non-compete clauses contained in contracts granting Olander stock options were unenforceable because they were not ancillary to or part of an otherwise enforceable agreement, and that there was no evidence that Olander had breached a confidentiality obligation to Compass. The court thus determined that Compass was unlikely to succeed on the merits and denied the preliminary injunction. We agree and affirm the denial of the preliminary injunction.

Olander worked as an at-will employee for Compass Bank in Houston in its mortgage lending section from 1988 until June 2001 when he voluntarily resigned from his position as Executive Vice President in the real estate lending department. In June

---

[*]Judge Politz authored this opinion before his death on May 25, 2002.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]See Henry v. First Nat'l Bank of Clarksdale, 444 F.2d 1300, 1305 n.4 (5th Cir. 1971), cert. denied, 405 U.S. 1019 (1972).

2

2001 Olander began work at Whitney National Bank, leading its newly created real estate lending group, doing similar work to that performed for Compass. Compass alleges that Olander breached agreements not to compete and to not disclose confidential information by going to work for Whitney. The agreements at issue are contained in stock option agreements from February 2000 and February 2001 that Olander signed when Compass granted him rights to shares of Compass Common Stock.

Olander filed a declaratory judgment action in state court against Compass, requesting the court to declare the non-compete provisions of the stock option agreements invalid and unenforceable. Compass removed the action to federal court, based on diversity of citizenship, and immediately filed an application for a preliminary injunction. The district court granted Whitney leave to intervene as a plaintiff in the case. Whitney also filed a declaratory judgment action. The district court determined that there was not a strong likelihood that Compass would succeed on the merits and, as noted, denied its request for a preliminary injunction.

## ANALYSIS

We review the denial of a preliminary injunction for an abuse of discretion.[2] A court abuses its discretion when it acts under an incorrect conclusion of law or if it

---

[2]Commonwealth Life Ins. Co. v. Neal, 669 F.2d 300, 303 (5th Cir. 1982).

makes a factual finding that is clearly erroneous.[3] An applicant for a preliminary injunction must show a substantial likelihood of success on the merits and a substantial threat of irreparable injury if the relief is not granted.[4]

Generally, courts will not enforce a non-compete covenant with an at-will employee that is conditioned on continued employment because such a covenant is based on an illusory promise.[5] The employer could simply fire the employee at any time, thus giving the employee nothing in exchange for the promise not to compete. For a non-compete provision to be enforceable in Texas, "the covenant must (1) be ancillary to or part of an otherwise enforceable agreement at the time the agreement is made and (2) contain limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee."[6] In the quoted Light case, the court further delineated the first part of the above test into two questions: 1) is there an otherwise enforceable agreement; and 2) is the covenant not to compete ancillary to or a part of the otherwise enforceable agreement at the time the agreement

---

[3]Id. at 303-04.

[4]Evergreen Presbyterian Ministries, Inc. v. Hood, 235 F.3d 908, 918 (5th Cir. 2000).

[5]Travel Masters, Inc. v. Star Tours, Inc. 827 S.W.2d 830, 832-33 (Tex. 1991).

[6]Light v. Centel Cellular Co. of Texas, 883 S.W.2d 642, 644 (Tex. 1994) (interpreting Tex. Bus. & Com. Code § 15.50).

is made?[7]  The district court determined that although it was not certain whether an otherwise enforceable contract existed, the non-compete provision was not ancillary to or a part of an otherwise enforceable contract.  Compass contends the district court erred in this determination.

The Texas Supreme Court in Light stated that to be ancillary to or  part of an otherwise enforceable contract, "(1) the consideration given by the employer in the otherwise enforceable agreement **must give rise** to the employer's interest in restraining the employee from competing; and (2) the covenant must be designed to enforce the employee's consideration or return promise in the otherwise enforceable agreement."[8]   The district court found that the stock options, i.e., the consideration Compass provided Olander in exchange for the promise not to compete, did not give rise to Compass's interest in restraining Olander from competing.  The district court did not abuse its discretion in this determination.  In Light, the court provided an example of an exchange that gave rise to an employer's interest in restraining an employee from competing -- an instance in which an employer  promises to provide confidential information in exchange for an employee's promise not to compete.[9]  The district court

_____

[7]Id.

[8]Light, 883 S.W.2d at 647 (emphasis added).

[9]Id. at 647 n.14.

correctly found that the right to exercise stock options in this case did not create a similar interest.

Compass also contends that it made an implied promise to provide confidential information to Olander when Olander promised not to disclose confidential information. Compass claims to have accepted Olander's offer by actually providing confidential information. If such an exchange had occurred, as we have noted above, it would be a sufficient promise from Compass to give rise to an interest in restraining Olander from competing. The district court found, however, that Compass did not promise to provide confidential information in the stock option agreement. This finding was not clearly erroneous.

Finally, Compass asserts that the district court erred in not finding sufficient evidence to show that Olander has and will continue to violate the non-disclosure covenant by providing confidential information to Whitney. A review of the record persuades that this was not a clearly erroneous finding. Assuming the non-disclosure agreement was valid, Compass failed to present sufficient evidence to show that Olander has breached that agreement.

The district court did not abuse its discretion in denying the request for a preliminary injunction, and its judgment is AFFIRMED.