In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00831-CV

____________


APRM, INC., Appellant


v.


REGIS F. HARTNETT JR. AND

PHILIP CORROSION SERVICES, INC., Appellees






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2000-09086






O P I N I O N

 This is an appeal of a summary judgment rendered in favor of appellees, Regis F.
Hartnett Jr. and Philip Corrosion Services, Inc. We affirm. 

BACKGROUND


 Regis F. Hartnett Jr. began working for APRM, Inc., a company selling, installing,
and servicing refractory and corrosion materials and services, in late 1994 or early 1995. On
May 1, 1996, Hartnett and APRM entered into an employment contract for his services as
a salesman and project manager at Houston or Dallas, Texas "and at such other places the
employer may direct." The contract included a covenant not to compete. This agreement
provided:

 On the termination of this Agreement and during the succeeding three
year period, the Employee expressly agrees not to engage or participate,
directly or indirectly, either as an employee, employer, consultant, agent,
principal, partner, stockholder, corporate officer, director, or in any other
individual or representative capacity, in any business within any geographic
location the employee performed duties for or on behalf of employer that is in
competition with the business of the Employer. 


 In 1996 and early 1997, most of Hartnett's work was performed in the Houston area. 
In July 1997, Hartnett, at his own request, was transferred to California and opened an
APRM office there. He worked out of the California office during 1997 and 1998 and
occasionally returned to Houston to service Houston-area customers. The California office
was not successful, and in November 1998, Hartnett and APRM agreed to terminate his
employment, and Harnett accepted employment with Philip Corrosion Services, Inc. (Philip),
a company also in the refractory and corrosion business, as manager for the western region
of the United States. In that capacity, Hartnett sometimes traveled to Houston to bid for
contracts with companies that had done business with APRM. Hartnett's employment with
Philip terminated in March 2000. 

 In February 2000, APRM sued Hartnett and Philip, alleging that Hartnett breached the
covenant not to compete and that Philip intentionally induced Hartnett to breach the terms
of the covenant not to compete. Hartnett and Philip filed a motion for summary judgment,
contending that the covenant not to compete was unreasonable under section 15.51 of the
Texas Business and Commerce Code because the covenant (1) did not have reasonable, or
any, limitations on scope of activity, geographical area, or duration and (2) was not designed
to protect a legitimate business interest. (1) The trial court granted the motion and rendered
judgment that APRM take nothing against Hartnett and Philip. The judgment, which did not
state the ground relied on, recited that all APRM's claims were denied and assessed all costs
of court against APRM. In a handwritten addition, the trial court added, "This is a final
judgment disposing of all claims and parties."

DISCUSSION


Standard of Review

 Summary judgment is proper only when the movant establishes that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four
Corp., 888 S.W.2d 31, 34 (Tex. App.--Houston [1st Dist.] 1994, writ denied). In reviewing
a summary judgment, we must indulge every reasonable inference in favor of the nonmovant
and resolve any doubts in its favor. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. 
We will take all evidence favorable to the nonmovant as true. Id. As movant, a defendant
is entitled to summary judgment if the evidence disproves as a matter of law at least one
element of each of the plaintiff's causes of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex. 1991); Marchal v. Webb, 859 S.W.2d 408, 412 (Tex. App.--Houston [1st
Dist.] 1993, writ denied). When the judgment does not specify the ground relied on, we will
affirm the summary judgment if any theory advanced in the motion for summary judgment
and preserved on appeal is meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 380 (Tex. 1993). 

Causes of Action

 In its first point of error, APRM contends that the trial court erred in rendering a final
judgment because there were claims in APRM's original petition that were not addressed by
the motion for summary judgment. APRM asserts that its original petition made allegations
that stated claims for (1) misappropriation of trade secrets, (2) breach of and inducement to
breach a fiduciary relationship, and (3) unfair competition. (2) APRM argues that, because
these causes of action were not addressed in the motion for summary judgment, Hartnett and
Philip were not entitled to a final judgment on all APRM's claims. 

 Pleadings are to be liberally construed in favor of the pleader. Roark v. Allen, 633
S.W.2d 804, 809-10 (Tex. 1982). "Texas follows a 'fair notice' standard for pleading, which
looks to whether the opposing party can ascertain from the pleading the nature and basic
issues of the controversy and what testimony will be relevant." Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000). A pleading is sufficient if it gives fair and
adequate notice of the facts upon which the pleader bases his claim so that the opposing party
is able to prepare a defense. Id. (quoting Roark, 633 S.W.2d at 810). The purpose of
pleadings is to give notice of claims and defenses and notice of the relief sought. Perez v.
Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex. 1991). 

 1. Misappropriation of Trade Secrets

 APRM contends that its petition alleged a cause of action for misappropriation of
trade secrets by (1) setting out "numerous items that it considers confidential," (2)
incorporating by reference the employment contract, which prohibits disclosure of trade
secrets, and (3) alleging that Hartnett disclosed confidential information and that Philip
induced Hartnett to disclose the information and made use of the information. APRM
concedes that the term "trade secrets" is not used in its petition, but it contends that the
factual allegations constitute information that is protectable as trade secrets. 

 The only contractual provision referenced in APRM's petition is the covenant not to
compete. APRM alleged that Hartnett entered into an agreement not to compete with APRM
for a three-year period after his termination from the company. APRM made factual
allegations regarding Hartnett's duties with the company and the nature of Philip's business
as a competitor of APRM. APRM then alleged, as confidential information, "Customer lists,
historical detail of jobs done for various customers, and names of personnel contacts within
APRM's customer organizations." The alleged confidential information also included
"construction techniques, bidding procedures, cost analyses, suppliers, contractors, labor
force, and materials used by APRM." APRM further alleged that "Hartnett breached the
terms of the covenant not to compete by accepting employment with Philip, a direct
competitor of APRM" and that, in the course of this employment, "Hartnett called on, sold,
installed, or provided refractory or corrosion services and materials to APRM's customers
or potential customers identified as such by APRM and known to Hartnett from his
employment with APRM in Houston." 

 APRM alleged that "Philip intentionally induced Hartnett to breach the terms of the
covenant not to compete," that "Philip knew or should have known of the covenant not to
compete," and that "[w]ithout Philip's inducement, Hartnett would not have breached the
covenant" because Hartnett would have stayed in California "and would have had no reason
to disclose the customer lists and other important confidential information." 

 In its prayer for relief, APRM requested temporary and permanent injunctions
prohibiting Hartnett from breaching his covenant not to compete with APRM and prohibiting
Philip from using Hartnett, or the information gained from Hartnett, in calling on, selling,
installing, or servicing any customers of APRM. 

 APRM's petition does not refer to the employment contract provision prohibiting the
disclosure of trade secrets. The complaint regarding Hartnett's conduct is consistently in
terms of a breach of the covenant not to compete. Likewise, the complaint regarding Philip
is consistently in terms of inducing Harnett to breach the covenant not to compete. The
confidential information alleged in the petition was the interest to be protected by the
covenant. See DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 682 (Tex. 1990) (examples
of legitimate, protectable interests include business goodwill, trade secrets, and other
confidential or proprietary information). APRM did not allege that the confidential
information was secret. Not all confidential information is secret, and to be entitled to
common-law protection, a trade secret must be secret. See Stewart & Stevenson Servs., Inc.
v. Serv-Tech, Inc., 879 S.W.2d 89, 99 (Tex. App.--Houston [14th Dist.] 1994, writ denied)
(holding there is no cause of action for misappropriation of confidential information that is
not either secret or substantially secret). Furthermore, APRM did not request that all use of
the confidential information be enjoined, but only the use of the information in dealing with
customers of APRM. Such relief is inconsistent with a cause of action for the
misappropriation of trade secrets because it leaves open the possibility that some use of the
alleged secrets may continue. 

 We hold that APRM's petition was insufficient to put Hartnett and Philip on notice
that they would have to defend a cause of action for the misappropriation of trade secrets. 

 2. Breach of Fiduciary Relationship

 In its brief, APRM contends, "as Hartnett was a key employee of APRM, a
confidential or fiduciary relationship existed as a matter of law." However, in its petition,
APRM did not allege that Hartnett was a key employee, nor did it allege that a confidential
relationship existed between Hartnett and APRM. The petition alleged that Hartnett was a
salesman with an employment contract. There were no facts in the petition to put Hartnett
on notice that he would have to defend a cause of action for breach of a fiduciary relationship
or to put Philip on notice that it would have to defend a cause of action for inducement to
breach a fiduciary relationship. 

 3. Unfair Competition

 APRM contends that the facts alleged also constitute the common-law tort of unfair
competition. APRM states, "Misappropriation of trade secret claims may be brought either
as breach of contract claims or as common-law unfair competition claims." We have
previously determined that APRM did not state a claim for misappropriation of trade secrets. 
Therefore, APRM has no claim for common-law unfair competition as a separate cause of
action. 

 We overrule APRM's first point of error. 

Summary Judgment

 In its second point of error, APRM contends the trial court erred in granting Hartnett
and Philip's motion for summary judgment. 

 A covenant not to compete is in restraint of trade and is unenforceable as a matter of
public policy unless it is reasonable. Martin v. Credit Protec. Ass'n, Inc., 793 S.W.2d 667,
668 (Tex. 1990). Whether the restraints in a covenant not to compete are reasonable is a
question of law for the court. Id. An enforceable covenant not to compete must be ancillary
to an otherwise valid contract that has a primary purpose unrelated to the suppression of
competition and must be supported by consideration. Id. at 669. 

 In this case, Hartnett and Philip have not challenged the ancillary nature of the
covenant, nor have they claimed that the covenant was not supported by consideration. In
the motion for summary judgment, Hartnett and Philip contended that the covenant not to
compete was unreasonable for two reasons: (1) the covenant did not have reasonable, or any,
limitations as to scope of activity, geographical area, or duration and (2) the covenant was
not designed to protect a legitimate business interest because the alleged trade secrets to be
protected are not actually trade secrets. 

 APRM complains that Hartnett and Philip's motion for summary judgment examined
each limitation in isolation of the others. APRM argues that section 15.50 of the Texas
Business and Commerce Code is conjunctive and, therefore, the limitations should be
analyzed together, not in isolation of each other. APRM cites no authority for this
contention, although it finds support in section 15.50 and in the court's analysis in McNeilus
Cos. v. Sams, 971 S.W.2d 507 (Tex. App.--Dallas 1997, no writ). 

 Section 15.50 provides, in pertinent part, that a covenant not to compete is enforceable
"to the extent that it contains limitations as to time, geographical area, and scope of activity
to be restrained that are reasonable and do not impose a greater restraint than is necessary to
protect the goodwill or other business interest of the promisee." Tex. Bus. & Com. Code
Ann. § 15.50(a) (Vernon Supp. 2002). The plain language of this statute requires that each
of the limitations must be reasonable. See Elgin Bank v. Travis County, 906 S.W.2d 120, 121
(Tex. App.--Austin 1995, writ denied) (noting that statute written in conjunctive requires
both conditions to be fulfilled unless result is absurd). Therefore, if any one of the
limitations is unreasonable, the covenant is not enforceable. 

 A covenant not to compete is unreasonable if it is greater than required for the
protection of the person for whose benefit the restraint is imposed or imposes undue hardship
upon the person restricted. Zep Mfg. Co. v. Harthcock, 824 S.W.2d 654, 660 (Tex.
App.--Dallas 1992, no writ). In the present case, the covenant prohibited Hartnett from
being involved in any manner with any business that competited with APRM. The
covenant's restraint is not limited to the capacity in which Hartnett worked for APRM. Thus,
the restraint is overbroad and is unreasonable. See McNeilus, 971 S.W.2d at 511; Peat
Marwick Main & Co. v. Haass, 818 S.W.2d 381, 387 (Tex. 1991). 

 Having determined that the restraint on the scope of activity is overbroad and
unreasonable, we need not consider the reasonableness of the geographic or time restraints
or whether the covenant not to compete was designed to protect a legitimate business interest. 

 We affirm the judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Radack, and Price. (3) 

Do not publish. Tex. R. App. P. 47.
1. See Tex. Bus. & Com. Code Ann. § 15.51(c) (Vernon Supp. 2002). Section 15.51(c)
provides that, if the limitations as to time, geographical area, or scope of activity to be
restrained are not reasonable, the court shall reform the covenant to impose a restraint that
is reasonable. APRM did not request the trial court to reform the covenant and does not
complain on appeal of the trial court's failure to do so.
2. In APRM's motion for new trial, APRM also asserted that the following causes of
action were pleaded in its petition, but not disposed of in the judgment: (1) breach of and an
inducement to breach an express contractual provision against disclosure of trade secrets and
confidential information; (2) breach of and inducement to breach implied covenants not to
disclose trade secrets and confidential information; (3) concerted action by defendants to
misappropriate trade secrets and confidential information (conspiracy); and (4) third-party
derivative liability for use of misappropriated trade secrets as defined by Restatement of
Torts § 757. On appeal, APRM does not pursue its claim that these causes of action were
pleaded. 
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.