Reversed and Remanded and Opinion filed March 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00543-CV

___________________

 

EMS USA, Inc., Appellant

 

V.

 

Robert Shary, Appellee



 



 

On
Appeal from the 334th District Court

Harris County,
Texas



Trial Court Cause No. 2009-29767

 



 

 

OPINION

Appellant EMS USA, Inc. challenges
the trial court’s denial of its application for a temporary injunction.[1]  We reverse and
remand.   

Background

Energy Facility Services, Inc. and Robert Shary
entered into a personal services contract on July 1, 2005.  The contract
contained a non-compete covenant stating as follows:

[Shary]
agrees for 2 years following the termination of this agreement not to solicit,
induce, recruit, or encourage any of the Company’s employees to leave their
employment, nor will [Shary], directly or indirectly: (i) solicit any of the
Company’s customers existing as of the date of termination or (ii) take any
action to divert business from the Company or influence any vendor, supplier,
or customer of the Company to cease doing business with the Company.     

 

The contract also contained a
provision regarding handling and disclosure of confidential information, which
provides in part as follows:

.
. . Each party shall handle Proprietary Information received from the other
party with a high degree of care.  Disclosure of Proprietary Information shall
be restricted to those individuals who need access to it to ensure proper
performance of the Services.

 

*                                 *                                 *

 

Each
party shall promptly return all Proprietary Information relating to this
Agreement to the disclosing party upon its request or upon termination of this
Agreement, whichever occurs first.  Each party may retain a copy of Proprietary
Information for its internal records, subject to the restrictions set forth in
this Section.  This Section shall survive termination of this Agreement.

 

Energy Facility Services later merged into EMS.  EMS
subsequently terminated Shary’s personal services contract on April 12, 2008. 
EMS filed a petition on May 13, 2009, alleging that Shary breached the
contract’s non-compete covenant.  EMS also requested a temporary restraining
order, a temporary injunction, and a permanent injunction to prevent Shary from
violating the contract’s non-compete covenant.  The trial court granted EMS’s
request for a temporary restraining order on May 13, 2009, and set a hearing on
EMS’s request for a temporary injunction for May 22, 2009.

The trial court heard argument from both parties at
the May 22, 2009 hearing addressing whether the non-compete covenant was
unenforceable as a matter of law.  The trial court also heard argument
regarding whether it was necessary for the trial court to hear testimony
regarding the validity of the non-compete covenant before ruling on EMS’s
application for a temporary injunction.  At the conclusion of the hearing, the
trial court asked both parties to submit supplemental briefing on the necessity
of hearing such testimony.  The trial court also set a hearing for further
argument regarding EMS’s application for a temporary injunction on May 27,
2009.  

On May 26, 2009, Shary submitted a supplemental brief
addressing the need for testimony before the trial court ruled on EMS’s
application for a temporary injunction.  EMS did not submit a supplemental
brief.  At the second hearing, the trial court again heard argument regarding
whether (1) the non-compete covenant was unenforceable as a matter of law; and (2)
it was necessary for the trial court to hear testimony before ruling on EMS’s
application for a temporary injunction.  

  After the May 27, 2009 hearing, the trial court signed
an order denying EMS’s application for a temporary injunction and stated as follows:
“Having considered the face of the contract, applicable law, and the arguments
of counsel, the Court determines that the Application must be DENIED.”  The
trial court predicated its denial of EMS’s application for a temporary
injunction on findings that “EMS is not likely to succeed on the merits of its
claim that Shary is violating the non[-]compete provision at issue” because the
non-compete covenant is not (1) “ancillary to or part of an otherwise
enforceable agreement;” or (2) a reasonable restraint.  EMS appeals from the
order denying its application for a temporary injunction. 

EMS contends on appeal that the trial court abused
its discretion when it denied EMS’s application for a temporary injunction
without hearing testimony.  According to EMS, the trial court should have heard
evidence addressing whether the non-compete covenant (1) was “ancillary to or
part of” the personal services contract; (2) contained reasonable restraints;
and (3) should be reformed if it is determined to be overbroad.

Standard of Review

A temporary injunction preserves the status quo until
trial on the merits.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204
(Tex. 2002). To obtain a temporary injunction, the applicant must plead a cause
of action against the defendant and show both a probable right to recover on
that cause of action and a probable, imminent, and irreparable injury in the
interim.  Id.  To show a probable right of recovery, the applicant must
present evidence to sustain the pleaded cause of action.  IAC, Ltd. v. Bell
Helicopter Textron, Inc., 160 S.W.3d 191, 197 (Tex. App.—Fort Worth
2005, no pet.).  An injury is irreparable when the injured party cannot be
adequately compensated in damages or if damages cannot be measured by any
certain pecuniary standard.  Butnaru, 84 S.W.3d at 204.

EMS argues that we should review the trial court’s
order denying its application for a temporary injunction de novo because
“the enforceability of a [non-compete covenant] is a question of law.”  See Martin
v. Credit Prot. Ass’n, Inc., 793 S.W.2d 667, 668-69 (Tex. 1990) (op. on
reh’g).  Specifically, EMS argues that we
should review the trial court’s denial of its application for a temporary
injunction under the Texas Covenants Not to Compete Act (Tex. Bus. & Comm.
Code Ann. §§ 15.50-.52 (Vernon 2002)).   

This court has held that the Texas Covenants Not to
Compete Act does not preempt the common law relating to temporary injunctions. 
EMSL Analytical, Inc. v. Younker, 154 S.W.3d 693, 695 (Tex. App.—Houston
[14th Dist.] 2004, no pet.); see also Cardinal Health Staffing
Network, Inc. v. Bowen, 106 S.W.3d 230, 238-39 (Tex. App.—Houston [1st
Dist.] 2003, no pet.) (same).  “[T]he clear language of the [Texas Covenants
Not to Compete Act] expresses an intention to govern only final remedies.  By
its very nature, a temporary injunction is not a final remedy.  Accordingly, we
look to the common law rules governing temporary injunctions in determining
whether the court below properly denied the application.”  Younker, 154
S.W.3d at 695.   

Under the common law,
the decision to grant or deny a temporary injunction lies within the sound
discretion of the trial court.  Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993).  A trial court does not abuse its discretion
by granting a temporary injunction if some evidence
supports its decision.  Sharma v. Vinmar Int’l, Ltd., 231 S.W.3d 405,
419 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  In reviewing the
trial court’s exercise of discretion, the appellate court must draw all
legitimate inferences from the evidence in the light most favorable to the
trial court’s decision.  Id.  When no findings of fact or
conclusions of law are filed, the trial court’s determination of whether to
grant or deny a temporary injunction “must be upheld on any legal theory
supported by the record.”  Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978);
see Tom James of Dallas, Inc. v. Cobb, 109 S.W.3d 877, 884 (Tex.
App.—Dallas 2003, no pet.).   

We review the trial court’s determinations on a
question of law de novo.  Walker v. Packer, 827 S.W.2d 833, 849
(Tex. 1992).  The enforceability of a non-compete covenant is a question of
law.  Martin, 793 S.W.2d at 668-69.  Therefore, we review a trial
court’s determination on the enforceability of a non-compete covenant de
novo.  See id.; Walker, 827 S.W.2d at 849.  The legal issues
before a trial court at a temporary injunction hearing are whether the
applicant showed a probability of success and irreparable injury.  Cobb,
109 S.W.3d at 882-83.  The underlying merits of the controversy are not
presented.  Id.  Accordingly, any appeal of an order granting or denying
a temporary injunction based on
a non-compete covenant does not present for appellate review the ultimate
question of whether the covenant is enforceable under Texas Business and
Commerce Code sections 15.50-.52.  Id.  In reviewing a trial court’s
granting or denying of an application for a temporary injunction, we review
only the trial court’s exercise of discretion in determining that a plaintiff
did not show (1) likelihood of success on the merits at trial; or (2) irreparable
injury.  Id. at 883.

Analysis 

A non-compete covenant is
unenforceable unless it satisfies Texas Business and Commerce Code section
15.50(a): 

[A]
covenant not to compete is enforceable if it is ancillary to or part of an
otherwise enforceable agreement at the time the agreement is made to the extent
that it contains limitations as to time, geographical area, and scope of
activity to be restrained that are reasonable and do not impose a greater
restraint than is necessary to protect the goodwill or other business interest
of the promisee.

 

Tex. Bus. & Com. Code
Ann. § 15.50(a).  

EMS first argues that the trial court abused its
discretion when it denied EMS’s application for a temporary injunction without
hearing testimony regarding whether the non-compete covenant was “ancillary to
or part of” the personal services contract.   

For a non-compete covenant to be “ancillary to
or part of an otherwise enforceable agreement,” the employer must establish that
(1) “the consideration given by the employer in the otherwise enforceable
agreement . . . give[s] rise to the employer’s interest in restraining the
employee from competing;” and (2) “the covenant [is] designed
to enforce the employee’s consideration or return promise in the otherwise
enforceable agreement.”  Mann Frankfort Stein & Lipp Advisors, Inc. v.
Fielding, 289 S.W.3d 844, 849 (Tex. 2009).  Unless both requirements are
satisfied, the non-compete covenant “is a naked restraint of trade and
unenforceable.”  Id.  “[B]usiness goodwill and confidential or
proprietary information” are examples of interests that warrant protection by a non-compete covenant.  Alex Sheshunoff Mgmt. Servs.,
L.P. v. Johnson, 209 S.W.3d 644, 649 (Tex. 2006).  An enforceable non-compete covenant must be designed to
enforce the return promises made by the employee.  Id.  An employer may
expressly or impliedly promise to provide an employee with confidential
information:  

. . . if the nature
of the employment for which the employee is hired will reasonably require the
employer to provide confidential information to the employee for the employee
to accomplish the contemplated job duties, then the employer impliedly promises
to provide confidential information and the covenant is enforceable so long as
the other requirements of the Covenant Not to Compete Act are satisfied.

Fielding, 289 S.W.3d at
849.        

EMS argues that evidence is necessary to determine
whether EMS impliedly promised to provide confidential information to Shary,
and whether the implied promise was ancillary to EMS’s and Shary’s agreement
not to disclose any confidential information received.  We agree.

Under Fielding, an employer may impliedly
promise to provide confidential information to an employee “if the nature of
the employment for which the employee is hired will reasonably require the
employer to provide confidential information to the employee to accomplish the
contemplated job duties[.]”  Id. at 845.
To determine if there is an implied promise, the court must analyze the
circumstances surrounding the employee’s employment and determine whether those
circumstances “necessarily involved the provision of confidential information
to” the employee “before [the employee] could perform the work [the employee]
was hired to do[.]”  See id. at 851. 

In this case, the trial court denied EMS’s
application for a temporary injunction without hearing evidence regarding the
circumstances surrounding Shary’s employment with EMS.  Therefore, the trial
court could not have considered whether, under Fielding,
(1) EMS impliedly promised to provide confidential information to Shary; and
(2) EMS’s implied promise, if any, was “ancillary to or part of” EMS’s and Shary’s
agreement not to disclose any confidential information received from the other
party.  See id. at 850-52. 

Shary argues that the trial court did not abuse its
discretion because the non-compete covenant was unreasonable as a matter of law. 
See Davis, 571 S.W.2d at 862 (When no findings of fact or
conclusions of law are filed, the trial court’s determination of whether to
grant or deny a temporary injunction “must be upheld on any legal theory
supported by the record.”); Cobb, 109 S.W.3d at 884 (same).      

We review a trial court’s determination of whether a
non-compete covenant is reasonable de novo.  Martin, 793 S.W.2d
at 668-69; Walker, 827 S.W.2d at 849.  But we do not address the
ultimate issue of whether the non-compete covenant is enforceable.  Cobb,
109 S.W.3d at 882-83.  We address only the trial court’s determination of
whether a non-compete covenant is reasonable to determine if the trial court
abused its discretion in
determining whether a plaintiff established that it would (1) likely succeed on
the merits of the issue at final trial; or (2) suffer irreparable injury.  See
id.  Restraints are unreasonable if
they are broader than necessary to protect the legitimate interests of the
employer.  DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 681-82 (Tex. 1990);
John R. Ray & Sons, Inc. v. Stroman, 923 S.W.2d 80, 85 (Tex.
App.—Houston [14th Dist.] 1996, writ denied).        

The non-compete covenant states as follows:

[Shary]
agrees for 2 years following the termination of this agreement not to solicit,
induce, recruit, or encourage any of the Company’s employees to leave their
employment, nor will [Shary], directly or indirectly: (i) solicit any of the
Company’s customers existing as of the date of termination or (ii) take any
action to divert business from the Company or influence any vendor, supplier,
or customer of the Company to cease doing business with the Company.     

 

Shary argues that the
non-compete covenant was unenforceable as a matter of law because “[i]t
prohibits him from soliciting any customers that EMS had as of the date
that he left EMS, regardless of whether he had any involvement with those
customers while at EMS.” (emphasis in original).  

A restraint on client solicitation in a personal
services contract is overbroad and unreasonable if it extends to clients with
whom the employee had no dealings during his employment.  Peat Marwick Main
& Co. v. Haass, 818 S.W.2d 381, 386-88 (Tex. 1991); Stroman, 923
S.W.2d at 85.  However, a prohibition against contacting existing customers
does not necessarily equate to a prohibition against contacting customers with
whom the former employee had no dealings.  A restraint on client solicitation
in a personal services contract limited to current customers is not necessarily
unreasonable on its face.  See Henshaw v. Kroenecke, 656 S.W.2d 416,
417-18 (Tex. 1983). 

In Henshaw, for example, Henshaw and Kroenecke
created a two-person partnership using an agreement containing a non-compete
covenant prohibiting Kroenecke from “compet[ing] with Henshaw in the business
as then carried on by the partnership for a period of three years from the date
of termination.”  Id. at 417.  The partnership agreement stated that “‘competition’
for the purposes of [the non-compete covenant] shall have the limited
definition of providing any similar services to the then clients of the
partnership or to those clients who have ceased being clients within the twelve
months immediately preceding such termination.”  Id.  Kroenecke argued
that the non-compete covenant was unreasonable and unenforceable.  Id.
at 418.  The court analyzed the circumstances under which the non-compete
covenant was entered and held that the non-compete covenant was not
unreasonable.  Id.  

Contrary to Shary’s suggestion, the non-compete
covenant at issue here does not necessarily prohibit Shary from contacting
customers with whom he had no dealings.  Rather, the non-compete covenant
states that Shary cannot “solicit any of the Company’s customers existing as of
the date of termination.”  Depending on what the evidence shows, the
non-compete covenant may prohibit Shary from contacting customers with whom he
had no dealings or it may not.  Determining whether the non-compete covenant is
a reasonable restraint depends on the circumstances surrounding execution of
the contract; the universe of customers covered by the non-compete covenant;
and whether Shary had dealings with all of the customers in that universe, or
only some of them.  See id.; see also Haass, 818 S.W.2d at 386-88. 


We conclude that the
trial court abused its discretion when it denied EMS’s application for a
temporary injunction without hearing testimony regarding whether the
non-compete covenant was (1) “ancillary to or part of” the personal services
contract; and (2) a reasonable restraint.[2] 
See Sharma, 231 S.W.3d at 419.    

Conclusion

            We
reverse the trial court’s May 27, 2009 order denying EMS’s application for a
temporary injunction and remand this case for further proceedings in accordance
with this opinion.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

 









[1] This is an accelerated
interlocutory appeal pursuant to Texas Civil Practice and Remedies Code section
51.014(a)(4).  Tex. Civ. Prac. & Rem. Code Ann § 51.014(a)(4) (Vernon
2008).  





[2] Because we conclude that
the trial court abused its discretion when it denied EMS’s application for a
temporary injunction without hearing testimony regarding whether the
non-compete covenant was “ancillary to or part of” the personal services
contract and a reasonable restraint, we need not address EMS’s second issue
regarding reformation of the non-compete covenant.