Affirmed and Memorandum Opinion filed April 18, 2006









Affirmed
and Memorandum Opinion filed April 18, 2006.

 

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01180-CV

____________

 

MORSE WHOLESALE
PAPER COMPANY,
Appellant

 

V.

 

BILL TALLEY, Appellee

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 05-63442

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Morse Wholesale Paper Company,
appeals from the denial of its application for temporary injunction in a suit
to enforce a non-competition covenant. 
In two issues, Morse argues the trial court erred in (1) finding the
non-competition agreement was not ancillary to an otherwise enforceable
agreement, and (2) refusing to grant a temporary injunction in light of
undisputed evidence establishing breaches of the covenant not to compete.  We affirm.

 








Background

Appellee, Bill Talley, is a janitorial
supplies salesperson.  He spent most of
his career selling cleaning supplies and paper goods for AmSan/Bogel
Sales.  Early in 2005, Talley left AmSan
to work for Morse Wholesale Paper Company (Morse), which also sells janitorial
supplies.  On January 3, 2005, Talley
became an at-will employee of Morse and signed a trade secret and
non-competition agreement.  The agreement
contains the following preamble:

Whereas, Employee desires to be
employed by and has requested employment with the Company, to perform work at
the Company=s workplace in Houston, Texas;

 

Whereas, as a condition of hiring
Employee and in consideration for Employer=s provision of its confidential, proprietary and trade
secret information concurrently with the execution of the Agreement and
Employee=s continued access to such
information during his employment, the Company requires Employee to enter into
this Agreement and Employee is willing to do so;

 

Whereas, Employee understands that
the Company would not hire Employee if Employee were not willing to enter into
this Agreement; and 

 

Whereas, each Party understands
that the other Party regards the above representations as material and that the
other Party is relying on these representations in entering into this
Agreement.

 

The agreement also contains the following
promise by the employee:

Confidential Information. 
I acknowledge that I have current access to confidential, proprietary,
and/or trade secret information (the AConfidential Information@) belonging to the Company and will continue to have access
to such Confidential Information for as long as I am employed by the
Company.  








Talley testified that after he signed the
non-competition agreement, he was given that day=s inventory by
Morse.  He was also given the use of a
laptop computer with which he could obtain inventory and pricing information
when he updated the computer at the office. 
Douglas Morse, an owner of Morse Paper, testified that at the same time
the non-competition agreement was signed, Morse provided Talley with training
and confidential proprietary information. 
Talley testified he received no training or proprietary information from
Morse.  Approximately nine months later,
Talley left Morse and returned to his former employer, AmSan.  Morse filed suit against Talley for breach of
the non-competition agreement.

At the same time Morse filed its original
petition, it obtained a temporary restraining order prohibiting Talley from
working for AmSan.  On November 2, 2005,
the trial court dissolved the temporary restraining order and denied Morse=s application for
temporary injunction.  In its order, the
trial court denied the injunction because the non-competition agreement was not
ancillary to or part of an otherwise enforceable agreement at the time the
agreement was made.

Temporary
Injunction

In its first issue, Morse argues the trial
court abused its discretion by not enjoining Talley from continuing to compete
against Morse in violation of the agreement. 
The purpose of a temporary injunction is to preserve the status quo of
the litigation=s subject matter pending trial on the
merits.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 204 (Tex. 2002).  A
temporary injunction is an extraordinary remedy and does not issue as a matter
of right.  Id.  To obtain a temporary injunction, the
applicant must plead and prove three specific elements:  (1) a cause of action against the defendant;
(2) a probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury in the interim.  Id.  

Standard of Review








The decision to grant or deny a temporary
injunction lies in the sound discretion of the trial court, and the court=s ruling is
subject to reversal only for a clear abuse of discretion.  Walling v. Metcalfe, 863 S.W.2d 56, 57
(Tex. 1993).  In reviewing an order
granting or denying a temporary injunction, we draw all legitimate inferences
from the evidence in a manner most favorable to the trial court=s judgment.  TMC Worldwide, L.P. v. Gray, 178
S.W.3d 29, 36 (Tex. App.CHouston [1st Dist.] 2005, no pet.).

Non-competition Agreement

Covenants not to compete are restraints of
trade and are disfavored in law.  Travel
Masters, Inc. v. Star Tours, Inc., 827 S.W.2d 830, 832 (Tex. 1991).  The Covenants Not to Compete Act governs the
enforceability of the non-competition agreement.  Tex.
Bus. & Com. Code Ann. ' 15.50B15.52.  The enforceability of a covenant not to
compete is a question of law for the court. 
Light v. Centel Cellular Co. of Texas, 883 S.W.2d 642, 644 (Tex.
1994).  Section 15.50 provides in
relevant part:

Notwithstanding
Section 15.05 of this code, and subject to any applicable provision of
Subsection (b), a covenant not to compete is enforceable if it is ancillary to
or part of an otherwise enforceable agreement at the time the agreement is made
to the extent that it contains limitations as to time, geographical area, and
scope of activity to be restrained that are reasonable and do not impose a
greater restraint than is necessary to protect the goodwill or other business
interest of the promisee.   

Tex. Bus. & Com. Code
Ann. ' 15.50(a).








In this case, we must first determine
whether the parties entered into an otherwise enforceable agreement  An at-will employment relationship cannot
form an otherwise enforceable agreement to which a covenant not to compete can
append.  Light, 883 S.W.2d at 644B45.  A promise dependent on a period of continued
employment would be illusory because it fails to bind the promisor who always
retains the option of discontinuing employment in lieu of performance.  Id. 
There must be a contemporaneous exchange of consideration between the
parties at the time the otherwise enforceable agreement is executed for the
promise not to be illusory.  Roark v.
Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 496 (Tex. 1991).  Under section 15.50 of the Business and
Commerce Code, the time relevant to this determination is the moment the
agreement is made.  CRC-Evans Pipeline
Int=l v. Myers, 927 S.W.2d 259,
263 (Tex. App.CHouston [1st Dist.] 1996, no writ).  An Aotherwise
enforceable agreement@ can emanate from at‑will
employment, but only so long as the consideration for a promise is not
dependent on a period of continued employment. 
Id.  A promise dependent on
a period of continued employment would be illusory because it fails to bind the
promisor, who always retains the option of discontinuing employment in lieu of
performance.  Id. 

In this case, Talley testified that he was
employed with Morse for nine months and, during that time, received no
confidential or proprietary information. 
He received no training from Morse. 
Douglas Morse testified Morse began giving Talley proprietary
information on the day the agreement was signed.  When faced with conflicting evidence, we must
draw all reasonable inferences in favor of the trial court=s judgment.  Gray, 178 S.W.3d at 36 (abuse of
discretion does not exist if the trial court heard conflicting evidence and
evidence appears in the record that reasonably supports the trial court=s decision).  Viewing the record in the light most
favorable to the judgment, we conclude there was no contemporaneous exchange of
consideration.  Morse=s promise was
illusory and cannot be the basis of an otherwise enforceable contract ancillary
to the covenant.  See Wright v. Sport
Supply Group, Inc., 137 S.W.3d 289, 297 (Tex. App.CBeaumont 2004, no
pet.).  Appellant=s first issue is
overruled.

Appellant=s second issue is
dependent on a favorable answer to its first issue.  Because we have overruled appellant=s first issue, we
need not address the second issue.

The judgment of the trial court is
affirmed.

 

 

 

/s/      Paul C. Murphy

Senior Chief
Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 18, 2006.

Panel
consists of Justices Yates, Guzman, and Senior Chief Justice Murphy[1].











[1]  Senior Chief Justice Paul C. Murphy
sitting by assignment